## THE STATE v. REED, Appellant.

### Division Two, January 23, 1900.

1. Seduction: UNDER PROMISE OF MARRIAGE. In order to constitute the crime of seduction under promise of marriage it devolves on the State to show to the satisfaction of the jury that the female was an unmarried woman at the time of the seduction. But it is not absolutely necessary that such fact be shown by direct and positive testimony, but like any other fact it may be shown by facts and circumstances, and under the facts of this case it is held that there was substantial evidence that the prosecutrix was an unmarried woman.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Joseph J. Crites* for appellant.

In the case at bar there is absolutely no evidence showing that at the time of the alleged seduction or at any other time, the prosecutrix was an "unmarried female." This fact should have been shown in evidence by the State. Where there is no evidence that at the time of the alleged seduction the prosecutrix was an unmarried female, a conviction will not be sustained. State v. Wheeler, 108 Mo. 658.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

An examination of the evidence discloses ample testimony upon which the jury were warranted in drawing the conclusion that the prosecutrix was, at the time of the seduction, an unmarried female. And any evidence is relevant which tends, even though slight, to induce belief in the truth of the charges,

or in the truth of the denial or plea. Lane v. Railroad, 132 Mo. 4; McDermott v. Judy, 67 Mo. App. 647; State v. Grant, 79 Mo. 113.

BURGESS, J.—The defendant was convicted in the circuit court of Phelps county for seducing Dora Johnson, an unmarried female under twenty-one years of age, under promise of marriage, and his punishment fixed at imprisonment in the county jail for fifteen days and a fine of $450. He appeals.

A brief statement of the facts is that, defendant, and the prosecuting witness lived in the same neighborhood in Phelps county, and that about five years prior to 1897, he began paying attention to her, calling upon her regularly and escorting her to church and other places, which he continued until in July, 1898. They became engaged to be married during the summer of 1895. In the latter part of 1897, or the first of January, 1898, while at the house of her uncle in said county, defendant, under said promise of marriage and by reason thereof, had sexual intercourse with said Dora, which was thereafter kept up whenever a favorable opportunity was offered, until she finally became pregnant by defendant, and was delivered of a child of which he is the father on the 3d day of November, 1898. The evidence was conflicting as to whether or not she was of good repute prior to having been seduced by defendant. She was twenty years of age on the 23d day of November next preceding the trial, which was in March, 1899, while the offense was committed in the latter part of 1897, or the early part of January, 1898.

There are but two points raised by this appeal, first, that there was no proof that Dora Johnson was an unmarried female at the time of the commission of the alleged offense; second, that the court erred in giving the first instruction on the part of the State.

With respect to the first proposition it may be said that in order to constitute the crime of seduction of a female under

promise of marriage (R. S. 1889, sec. 3486), the female seduced must be an unmarried one, and it therefore devolved upon the State as one of the ingredients of the offense, to show to the satisfaction of the jury that Dora Johnson was an unmarried female at the time she was seduced by defendant. (State v. Wheeler, 108 Mo. 658.) It is not however absolutely necessary that such fact be shown by direct and positive testimony, but like any other fact it may be shown by facts and circumstances, if sufficient. In a letter written by defendant to the prosecuting witness during the time he was her suitor in speaking of one Thomas Denison who occasionally paid attention to her he said: "Now Dora, are you going to let Tom go? If you want him to go, don't stand back on my account, and if I can get to be a man of myself and you are still single, and if you will do what you promised, I will do what I told you, I would," that is, marry her. By this letter, which is without date, but was written some time between January 7, 1896, and May 30, 1897, defendant not only impliedly admitted that Dora Johnson was an unmarried female at the time it was written, but he emphasized that fact before he seduced her by asking her to marry him and, after it had become known that she was pregnant by telling her father that he intended "to marry her some day," and by admitting while on the witness stand that he intended to marry her up to 1897. There was no objection taken to this testimony, which we think fully justified the jury in finding that Dora Johnson was an unmarried female at the time of her seduction by defendant which was not denied by him.

When the facts disclosed by the evidence are considered it can not with fairness be said that there was no evidence that the prosecuting witness was an unmarried female at the time of the commission of the offense, and its weight was for the consideration of the jury. There was therefore no error in giving the instruction complained of.

The judgment is affirmed. *Gantt, P. J.*, and *Sherwood, J.*, concur.