[Criminal No. 347.   Filed December 30, 1913.]

[137 Pac. 412.]

GEORGE L. LENORD, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—EVIDENCE—ADMISSIONS.—On a trial for rape on a female under the age of 17 years, an instrument executed by accused, wherein he admitted that he was the father of the unborn child of prosecutrix, and made provision for the support of her and the child, was admissible to corroborate her as to the principal fact of her having had intercourse with accused.

[As to necessity and sufficiency of corroboration of prosecutrix in rape case, see note in Ann. Cas. 1913D, 660.]

2. CRIMINAL LAW—RECEPTION OF EVIDENCE—MOTION TO STRIKE—FAILURE TO MOVE.—Where, after an instrument executed by accused on trial for rape, wherein he admitted that he was the father of the unborn child of prosecutrix, had been received in evidence, he offered evidence of the circumstances under which the instrument was signed, indicating that it was signed under duress, but made no motion to exclude it because so executed, the evidence of the circumstances bore only on the weight the jury would give to the instrument as evidence.

3. CRIMINAL LAW—APPEAL—HARMLESS ERROR—EXAMINATION OF WITNESS.—Where a prosecution for rape was not instituted by prose-

cutrix, or by any member of her family, but by one interested in
the case for accused, and prosecutrix admitted that she had requested
money from accused, and had been refused, the exclusion of a ques-
tion on her cross-examination as to whether she had threatened to
prosecute accused if he did not pay her a specified sum was not
prejudicial to him.

4. RAPE—ELEMENTS OF OFFENSE.—To support a conviction for rape, the
state must show by competent evidence every material allegation in
the information, and every fact essential to the crime, including the
fact that prosecutrix was not the wife of accused at the date of the
offense alleged in the information.

[As to what constitutes rape, see note in 80 Am. Dec. 361. As
to proof of want of consent where prosecutrix is under age of con-
sent, see note in Ann. Cas. 1913A, 164.]

5. RAPE—INSTRUCTIONS—MISLEADING INSTRUCTIONS.—Where, on a trial
for rape, the court in its instruction gave the statutory definition of
the crime, and charged that the presumption of innocence attached
to every fact essential to a conviction, an instruction that, if accused
raped prosecutrix, and she was under the age of 17 years, the jury
must find accused guilty was not objectionable, as permitting a
conviction without finding that prosecutrix was not the wife of
accused.

6. CRIMINAL LAW — INSTRUCTIONS — CONSTRUCTION.—The instructions
must be considered as a whole in determining their correctness, and
if, when so construed, the law applicable to the facts is correctly
stated, an error in an instruction standing alone is not ground for
reversal.

7. CRIMINAL LAW—INSTRUCTIONS—COMMENT ON FACTS.—Penal Code of
1901, section 921, subdivision 6, providing that the judge may, when
the evidence is closed, charge the jury, and must do so on any points
pertinent to the issues, if requested by either party, but must not
state the testimony, does not conflict with Constitution, article 6,
section 12, declaring that judges shall not charge with respect to
matters of fact, nor comment thereon, but shall declare the law.

8. CRIMINAL LAW—INSTRUCTIONS—REQUESTS—NECESSITY.—Where the
trial court declares in its instructions the general principles of law
to be applied by the jury in reaching a verdict, accused, if dissatis-
fied with them, must request others, and, where no such request is
made, an omission to give particular instructions is not reversible
error.

9. CRIMINAL LAW—REVIEW—HARMLESS ERROR—INSTRUCTIONS.—Where,
on a trial for rape on a female under 17 years, all the evidence on
the age of prosecutrix fixed her age as under 17, and the court spe-
cifically charged that, to render a verdict of guilty, the jury must
be satisfied that prosecutrix was under that age, an instruction that,

if the jury were convinced beyond a reasonable doubt that she was 17 or older, the verdict should be not guilty was not prejudicial as placing on accused the burden of establishing her age at 17 or above before entitling him to an acquittal.

10. RAPE—EVIDENCE—SUFFICIENCY.—On a trial for rape on a female under the age of 17 years, evidence *held* to show that prosecutrix was not the wife of accused.

11. RAPE—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.—On a trial for rape, the fact of nonmarriage of accused and prosecutrix may be established by circumstantial evidence.

12. CRIMINAL LAW—APPEAL—QUESTIONS REVIEWABLE.—The refusal of the trial court to grant a certificate of probable cause for appeal raises no question on appeal.

APPEAL from a judgment of the Superior Court of the County of Cochise. Fred Sutter, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Doan & Doan and Mr. John Wilson Ross, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for Appellee.

CUNNINGHAM, J.—The appellant complains of errors committed on the trial in admitting evidence, in rejecting evidence, in instructions to the jury, in refusing a new trial because of the failure of the evidence to establish a material allegation of the information, and in refusing to issue a certificate of probable cause for appeal.

The appellant was charged in the information with having on or about the tenth day of November, 1911, committed the crime of rape upon one, Fannie L. Aronwald, a female under the age of 17 years, she not being the wife of him (the said George L. Lenord).

The prosecution offered a number of witnesses, who gave evidence tending to establish, among other things, the act of criminal intercourse and a state of pregnancy of the prosecutrix resulting therefrom, and the birth of the child on February 5, 1913. The prosecution then offered a written document in the form of a contract purporting to have been made between George L. Lenord, and the party of the first

part, Brandla Aronwald, the mother, Wolf Aronwald, the father, and Aaron Aronwald, the brother of Fannie L. Aronwald, the parties of the second part, and Fannie L. Aronwald, the party of the third part. The document bears the date of November 22, 1912, and recites: "That whereas, the said Fannie L. Aronwald, now in Los Angeles, in the state of California, is in a state of pregnancy, and accuses the said party of the first part with being the father of her unborn child, and the said party of the first part admitting the fact that he is the father of such child, and all the parties hereto desiring to do what is best under the circumstances for the party of the third part, agree among themselves as follows: . . . " The document purports to be an agreement by which the appellant undertook to pay certain sums of money for the use and benefit of the prosecutrix, and for the care and education of the child. On its face is recited that the contract is to be kept secret, and that it is made as a compromise of any and all future civil actions that may arise between the parties thereto on account of the connections of the appellant with the prosecutrix. We deem it unnecessary to further set out the document. The paper at the foot bears the signatures of "G. L. Lenord" and "Fannie L. Aronwald."

The prosecution proved the signature upon the document and a copy thereof as that of the accused, and proved that he signed both the paper and the copy, and proved that they were duplicates, and offered them in evidence. Defendant objected for the reason that the offer was a confession, and was not shown to have been voluntarily made. The objection was sustained. Then the document was offered as an admission against interest, and admitted as such over the objection of defendant; to which ruling defendant reserved an exception. These are the grounds for the first assignment of error; but the allegation of error is in these words: "The court erred in admitting in evidence the agreement dated November 22, 1912, as it was proven to have been executed under duress, and was not a voluntary confession, and hence inadmissible." The record does not bear out this allegation that it was proven to have been executed under duress. At the time it was admitted in evidence, it was shown to have been executed by the defendant, and upon its face tended to corroborate the evidence of the ultimate fact sought to be established, that

is, the act of sexual intercourse, as charged in the information. *Woodruff* v. *State,* 72 Neb. 815, 101 N. W. 1114.

That this evidence was introduced solely for the purpose of corroborating the prosecutrix as to the principal fact of her having had sexual intercourse with the defendant on November 10, 1911, was well understood, and it, as well as other acts of the same kind, which took place subsequently to the one specifically charged in the information, was admissible for that purpose. *Leedem* v. *State,* 81 Neb. 585, 590, 116 N. W. 496; *People* v. *Mathews,* 139 Cal. 527, 73 Pac. 416; *Smith* v. *Commonwealth,* 109 Ky. 685, 60 S. W. 531; *State* v. *Robertson,* 121 N. C. 551, 28 S. E. 59; *Sykes* v. *State,* 112 Tenn. 572, 105 Am. St. Rep. 972, 82 S. W. 185; *State* v. *Borchert,* 68 Kan. 360, 74 Pac. 1108.

After the evidence had been admitted, the appellant offered the circumstances under which the contract was made and signed.   Such evidence was not offered in support of a motion to exclude the evidence, and cannot be considered to have that effect, in the absence of such motion, the evidence having been previously admitted.   If the circumstances surrounding the execution of the document were such as would satisfy the trial court that the so-called contract was executed under duress, or from any cause it appeared that it was not the voluntary act of the appellant, and such evidence was submitted to the court, or an opportunity was asked to submit such evidence to the court before the document was admitted, or having admitted the document, if such evidence was offered to the court in support of a motion to exclude such evidence, the evidence of the circumstances would then bear upon the admissibility of the document as evidence, and would be addressed to the consideration of the court in admitting or in excluding the same as evidence.   The record discloses that the circumstances were not so offered for the consideration of the court, but were offered as other evidence, for the consideration of the jury, and, as such, had a bearing not upon the admissibility of the document attacked thereby, but upon the weight the jury would give to such document as evidence.   The evidence of the circumstances of the execution of the document was addressed to the weight and not to the admissibility of the evidence.

The appellant contends that error was committed by the court in sustaining the objection to a question, propounded to the prosecutrix on cross-examination, as to whether she had threatened to prosecute the defendant herein if he did not pay her the sum of $2,500, and offered that, if he did pay her that sum, she would not have him prosecuted.

The record discloses that counsel had the prosecutrix under cross-examination, and had developed the fact that, while she was in California, she wrote the accused, asking him to send her some money. He said he would send her money, but failed to do so. She was asked why she came back, which was met by an objection, and then she was asked: "Did you or did you not state to Lenord that, if he would not pay you $2,500, that you would come back here and have him prosecuted, and that if he would pay you that you would drop it, and it would be all right?" An objection was sustained to the question. Counsel stated, before the court ruled upon the objection, that the evidence was material to show motive of the entire case, and that he expected to follow it up with a little more just like it, and intimated that the statements were put in for impeaching purposes. This is the state of the record upon which the error complained of is assigned. Clearly the circumstances under which the question was asked compel the candid mind to conclude that the question called for an answer giving the contents of letters written by the prosecutrix to the accused. If so, the accused would be presumed to have the possession of those letters, or to be able to account for their absence, and they would be the best evidence of their contents. The question called for secondary evidence, and not the best evidence. This was a sufficient objection to the offer as made. In the absence of any evidence that the prosecutrix instituted the prosecution, her motive in the case was immaterial. She had admitted that she requested money, and it was in evidence that she did not receive the money. Appellant contends that because it was in evidence over his objection that the accused had made an agreement providing for the payment of $2,500, that it was eminently proper to ask this witness the question as to whether or not she had not offered to withhold the prosecution if money was paid her. It would be eminently proper to offer such testimony in connection with testimony that the prose-

cutrix instituted the action, and commenced the prosecution after a refusal; but the judgment-roll in this cause discloses that this action was commenced by one presumably in no manner connected with the prosecutrix or any member of her family, either as a blood relation, business relation, or otherwise, in fact, by one who at subsequent stages of the proceeding, appears conclusively to be interested in the case in opposition to the success of the prosecution. Such being the state of the record, any propositions to withhold a prosecution would appear to have no reference whatever to prosecutrix's motives in that respect. The answer would be immaterial, and the court committed no error in rejecting the offer.

The complaint is made that the court erred in instructing the jury to find the defendant guilty, without proof or evidence that the prosecuting witness was not the wife of the defendant. The appellant has not pointed out wherein the court gave any instruction to the jury to find the defendant guilty, without proof or evidence that prosecuting witness was not the wife of the defendant. In order to justify a conviction under the information, it was necessary for the state to establish from competent evidence, to the satisfaction of the jury, beyond a reasonable doubt, every material allegation contained in the information, and every fact essential to the crime charged. That the prosecutrix was not the wife of the accused at the date of the act was an allegation in the information, and such allegation was material, and the establishment of the fact from the evidence beyond a reasonable doubt was essential to a conviction.

A complete search of the instructions given fails to disclose such instruction complained of. In his argument, appellant particularly designates the following paragraph of the instructions as containing the charge alleged in the assignment: "You are instructed, however, that if you find from the evidence, beyond a reasonable doubt, that the defendant, on or about the 10th day of November, 1911, did have sexual intercourse with the said Fannie L. Aronwald, and you further find from the evidence, beyond a reasonable doubt, that at the time of the commission of said alleged offense, the prosecuting witness, Fannie L. Aronwald, was under the age of 17 years, you should find the defendant guilty as charged."

Standing alone, such an instruction is open to severe criticism in failing to add thereto "unless the prosecuting witness was, at the time the alleged offense was committed, the wife of the accused, and, if the jury entertain a reasonable doubt from the evidence or from the absence of any evidence upon that question, then you should give the defendant the benefit of the doubt, and acquit him." Courts have generally considered the practice of charging juries to enumerate a part of the essential facts necessary to a conviction, and to omit from the enumeration one or more such facts, as more or less vicious. The effect to be given to such charge when it arises depending upon whether the omitted condition was closely contested or otherwise, and whether the condition was elsewhere sufficiently covered in the instructions, and in a measure the extent to which the law requires the trial court to go in covering the law in the light of the facts in the case. The instructions must be construed as a whole, and, in so construing them, we find that the court read to the jury the charge laid in the information. In the language of the statute, the court gave the jury the definition of rape, and also, in the language of the statute, informed the jury in what the essential guilt of rape consists. Then the court instructed in order to convict of any criminal offense there must exist a union or joint operation of act and intent or criminal negligence. Also, that the law presumes that everyone charged with crime is innocent of the offense charged until his guilt has been established by competent evidence, beyond a reasonable doubt, and that this presumption attaches at every stage of the case, and to every fact essential to a conviction. The jury was then instructed as to what is meant by a reasonable doubt, and as to their duty and powers while considering the evidence in arriving at the truth and facts of the case. They were instructed as to their duty in case they found from the evidence, beyond a reasonable doubt, that the criminal act was accomplished, and that Fannie L. Aronwald was under the age of 17 years, and that she made no complaint of the commission of the offense, if such fact existed, and that her failure to so complain could not be considered by the jury because that fact is not material; that, if the jury found from the evidence, beyond a reasonable doubt, that the accused did have sexual intercourse with the

prosecutrix on or about the date alleged, and they are further convinced beyond a reasonable doubt that the prosecutrix at such date was 17 years of age or older, then it was their duty to acquit the defendant; that, if they found from the evidence beyond a reasonable doubt that on the date charged the defendant did have sexual intercourse with the prosecutrix, and, if they found from the evidence beyond a reasonable doubt that at such time the prosecuting witness was under the age of 17 years, then they should find the defendant guilty, and it made no difference whether the prosecuting witness, at the time, consented to the act of sexual intercourse or not. "The law is that a girl under the age of 17 years cannot legally consent to the act of sexual intercourse with any person other than her husband." The jury was then instructed as to the form of their verdict, and how it should be signed and returned. The jury was told two different times that the charge on trial included the fact that the female violated must not have been the wife of the accused, once in the definition of the offense, and once in the closing part of the charge last quoted. The jury was instructed that the presumption of innocence attaches at every stage of the case, and to every fact essential to a conviction. The jury could not have entertained any doubt that it was necessary for them to believe from the evidence that the prosecutrix was not the wife of the defendant before they could convict him, from these instructions taken as a whole.

The state Constitution requires that the "judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law." Sec. 12, art. 6. The statute (subd. 6, sec. 921, Ariz. Pen. Code 1901) in no way conflicts with this constitutional provision, wherein it provides that the "judge may then (when the evidence on both sides is closed) charge the jury, and must do so on any points pertinent to the issue if requested by either party; and he must not state the testimony, but shall declare the law." The expression in the Constitution and the statute means that the judge shall instruct the jury as to the general principles of the law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration. That duty was performed by the

XV Ariz.—10

judge in this case sparingly, it is true, but sufficiently, under the law, and appellant must be deemed to have been satisfied with the instructions as delivered at the time they were delivered to the jury, otherwise he could, and we presume he would, have requested more specific instructions upon the points of law pertinent to the issue. No such request appears in the record, and no such request was made. The general rule seems to be that, if the defendant is not satisfied with the charge as delivered by the court, he should submit such instructions as he desires, with a request that they be given, and, if no request is made, the omission to give particular instructions is not reversible error, particularly when the charge given covers the facts in the case, and states the law applicable thereto, and presents the case fairly, and guards the substantial rights of defendant. 12 Cyc. 658, 659.

Appellant complains of the following paragraph of the instructions: "If you find from the evidence in this case beyond a reasonable doubt that on or about the tenth day of November, 1911, defendant had sexual intercourse with the complaining witness, . . . and you are further convinced beyond a reasonable doubt that the said Fannie L. Aronwald, at the time said alleged crime was committed, was 17 years old or older, you are then instructed that, notwithstanding the fact that you find that the defendant did have such sexual intercourse with the prosecuting witness, your verdict should be not guilty." Appellant contends that this instruction places upon defendant the burden of establishing beyond a reasonable doubt the age of the prosecutrix before he is entitled to an acquittal; whereas the law only requires a reasonable doubt as to her age to exist to entitle him to an acquittal. The instruction as given is open to a great extent to the criticism advanced. However, all the evidence in the record bearing upon the question of the age of the prosecutrix at the date of the act of intercourse fixes her age as under 17 years. An effort was made to discredit the testimony of the prosecutrix and her father by proving that they had each made statements of her age that conflict with their testimony given on the trial touching that question. The record discloses no evidence tending in any manner to fix the age of prosecutrix at 17 years or older at the date of the alleged criminal act. The jury was, during the course of the instruc-

tions, specifically instructed by the court three different times that they must be satisfied from the evidence, beyond a reasonable doubt, that the prosecutrix was under the age of 17 years at the time of the commission of the alleged criminal act, before they could convict him of the charge; and, in view of the positive evidence fixing her age as under 17 years, and in view of the absence of any testimony tending to fix her age as 17 years or over, if the instruction complained of had been omitted, the result must have been the same; and though erroneous, it could not have been prejudicial. The whole case considered, the jury could not have been misled to the prejudice of the accused by the instruction in this case, in the absence of any evidence tending to show the age of the prosecutrix was 17 years old or older.

The appellant contends that there is no evidence in the case proving or tending to prove that the prosecutrix was not the wife of the defendant. This question was raised upon a motion for a new trial and otherwise, and it is sufficiently assigned as error on this appeal. This is the principal error relied upon by appellant for a reversal of the judgment of conviction. A careful examination of the evidence in the case discloses that no direct proof was offered by the prosecution, or by the defendant, upon the question whether the prosecutrix was or was not his wife at the time the act was accomplished. The cause was tried by all the parties and by the court upon the theory that the accused and the prosecutrix were not husband and wife.

We find abundant circumstantial evidence in the record bearing upon the question of the relation of the parties. The evidence presents these circumstances: That the prosecutrix in 1896 was a nursing child, in the family of Wolf Aronwald at Warsaw, Russia; that she came to Douglas in 1907 as a part of the family, and entered the public schools there; that she worked in Kline's store in Douglas, and, after she quit working there in 1911, she worked for her father; that about the 10th of November, 1911, she applied to George L. Lenord for a position, but was not employed by him; subsequent to that date she made frequent applications to him for a position; that she came to his store with her little sisters and other relatives many evenings and waited for the picture shows to open; that she left with the defendant for

safekeeping small sums of money, which he returned to her when she was about to leave Douglas for Los Angeles; that, when she learned that she was pregnant, and informed defendant of that fact, he advised her to consult a doctor, and he recommended a remedy to produce an abortion, and advised her to take the drug which he believed would have that effect; he consulted a doctor about her condition, or told her he had so consulted a doctor on that subject; during the trial she gave her name as Miss Fannie L. Aronwald, and she was referred to as "Miss" a number of times during the course of the trial.

The appellant denied ever having had sexual intercourse with the prosecutrix. In reference to a contract he had signed, in which he admitted the fact that he was the father of her unborn child, under date of November 22, 1912, when asked by his counsel why he signed the document, answered: "Why, I had another Jew girl to make an allegation against me that I was under bond for, and I had just recently married, just a short time before that, and Mr. French called me up. . . ." He did not sign the contract then, but several days after he was called and told that the Jews were getting impatient (by the Jews meaning the family of the prosecutrix), and that he had better do something, in answer to which information, appellant said: "Well, I will send my wife home and you bring them down to my store. . . . I signed it and dug up $42.50 to pay their transportation to Los Angeles. They wanted to visit the girl." Witness Miss Rogers testified that Lenord was married to her sister at the time of the trial.

These facts are certainly inconsistent with the fact that the prosecutrix was the wife of the accused on the tenth day of November, 1911. In April, 1913, he was the husband of Miss Rogers' sister. On November 22, 1912, he had recently married, according to his own testimony. On November 10, 1911, the prosecutrix first applied to him for a position, when he accomplished the act. If the law permits the proof of the allegation that the prosecutrix was not the wife of the accused to be made by circumstantial evidence, there is such evidence in abundance in this record. If the law requires direct proof of such fact, the prosecution has failed, and the verdict is contrary to the law and evidence.

Appellant contends that direct and not circumstantial proof must be made of the fact of nonmarriage before a conviction can stand, and cites, among other cases, *People* v. *Gonzalez,* 6 Cal. App. 255, 91 Pac. 1013. The question considered by the court in the Gonzalez case was whether the evidence in the case was sufficient to sustain the verdict of guilty of statutory rape. The court decides that there was some testimony from which the inference might be drawn that the parties were not married, yet, such testimony being true, it was not inconsistent with the fact that they were married; and for that reason the testimony was not sufficient to sustain a conviction. The court was not considering the question whether circumstantial evidence is incompetent to prove that the prosecutrix was not the wife of the accused at the time of the alleged criminal act, and any language used by the court seeming to decide that question must be considered in connection with the sufficiency of the evidence in that case before the court, otherwise the remarks of the court are dictum, and not binding as authority. If the Gonzales case is to be considered as holding that direct evidence alone is necessary from which to establish the fact that the prosecutrix was not the wife of the accused, upon a trial of a charge of statutory rape, then that case stands alone in the courts of the country that are unaffected by statute so requiring such evidence.

Beyond question, under our statute it is necessary to allege and prove that the prosecutrix was not the wife of the accused at the date of the alleged criminal act, as that fact is an essential ingredient of the crime; still it is not absolutely necessary to prove that fact by direct and positive testimony, but, like every other essential fact, it may be proven by facts and circumstances from which the conclusion may be drawn. *State* v. *May,* 59 Wash. 414, Ann. Cas. 1912B, 113, 109 Pac. 1026; *State* v. *Pipkin,* 221 Mo. 453, 120 S. W. 17; *State* v. *Reed,* 153 Mo. 451, 55 S. W. 74; *Brenton* v. *Territory,* 15 Okl. 6, 6 Ann. Cas. 769, 78 Pac. 83; *Munger* v. *State,* 57 Tex. Cr. 384, 387, 122 S. W. 874. The fact may be established by circumstantial evidence, and we think it was sufficiently so established in this case. The facts and circumstances bearing upon the question could not be true and yet the fact exists that the prosecutrix was the wife of the accused. Even the Gonzalez case makes that the rule for decision.

The appellant complains of error committed by the judge of the trial court in refusing to grant a certificate of probable cause for appeal. This assignment raises no question for consideration upon this appeal.

No reversible error appearing, the judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.