STATE, Respondent, v. HAUSER, Appellant.

(191 N. W. 446.)

(File No. 4997.    Opinion filed December 30, 1922.)

1. **Criminal Law—Rape—Evidence—Admission of Prosecutrix's Husband's Testimony as to Details of Offense as Related to Him by Her Held Not Part of Res Gestae.**

   In a prosecution for rape in the first degree, in violation of Rev. Code 1919, Sec. 4092, Subd. 3 and Section 4095, admission of prosecutrix's husband's testimony as to the offense as related to him by her, and his identification of a paper on which he had written the license number of defendant's automobile as communicated to him by her, before she was called as a witness, and before any evidence of the corpus delicti was presented, held erroneous as not part of the res gestae, although proper to admit husband's statement that wife claimed to have been assaulted and her appearance and acts upon her return home.

2. **Criminal Law—Venue—Affidavits From Residents of Different Parts of the County Held Sufficient to Authorize Change of Venue on Ground of Local Prejudice.**

   Thirty-six affidavits from persons residing in different parts of the county held sufficient to authorize a change of venue on

the ground that an impartial trial could not be had in such County.

Appeal from Circuit Court, McCook County; Hon. J. T. Medin, Judge.

Percy Hauser was convicted of rape in the first degree, and he appeals. Reversed.

*Kirby, Kirby & Kirby,* of Sioux Falls, and *C. H. McCay,* of Salem, for Appellant.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, appellant cited: Burr's Trial (Coombs' Ed.) 149; State v. Guillory, 12 So. (La.) 314; Clay v. State, 51 S. W. (Tex.) 212; Conway v. State, 26 S. W. 401; State v. Lenahan, 56 N. W. (Ia.) 292; Vicksburg & M. Ry. Co. v. O'Brien, 119 U. S. 99, 30 L. Ed. 299; 3 Greenl. Ev., Sec 213 (Rev. Ed.); Griffin v. State, 76 Ala. 29; Thompson v. State, 38 Ind. 39.

(2) To point two, Appellant cited: Sec. 4813, Rev. Code; State v. Perkins, S. D. 579-582; Richmond v. State (Neb.), 20 N. W. 282.

Respondent cited: 16 C. J. 204; State v. Williams, 63 Ia. 135, 18 N. W. 682; State v. Foster, 91 Ia. 164, 59 N. W. 8; State v. Boggs, 166 Ia. 452, 147 N. W. 934; State v. Hall, 16 S. D. 6; 22 R. C. L. 1215; State v. Kapalino, 20 S. D. 591; People v. Wong Ark, 96 Cal. 135, 30 Pac. 115; State v. Gage, 62 Mich. 271, 28 N. W. 835, 4 A. S. R. 854; O' Connor v. Railroad Co., 27 Minn. 173, 6 N. W. 481; State v. Horan, 32 Minn. 394, 20 N. W. 905, 20 Am. Rep. 584; State v. Shultz, 41 S. D. 184.

GATES, P. J. The defendant was convicted of rape in the first degree, viz., rape accomplished by means of force overcoming resistance (Rev. Code 1919, § 4095, and section 4092, subd. 3). He appeals from the judgment of life imprisonment and an order denying new trial.

[1] At the opening of the case, and before prosecutrix was called as a witness, and before any evidence of the corpus delicti was presented, the husband of prosecutrix was permitted to testify as to what she said to him upon her return home at midnight

immediately after the commission of the crime. He was not simply permitted to say that she made complaint that defendant had raped her, but was permitted to go into detail and relate all of the disgusting and unnatural things that she told him she and the defendant had done. He was further permitted to identify a paper upon which he said he had then written down the license number of defendant's auto, which he said she then communicated to him, and which paper was received in evidence; the defendant being a stranger to her. It seems to us that the effect of the husband's evidence upon the trial was to establish before the jury a prima facie case against defendant based solely on his testimony. It certainly created a hostile atmosphere against defendant, based upon corroborative evidence received prior to the evidence which it corroborated.

We are of the opinion that the reception of the husband's evidence as to the details of the occurrence told him by the wife was clear prejudicial error, and that such story contains no element of res gestae. It was, perhaps, competent for him to describe her appearance and her acts on her return home as res gestae, but not to repeat her story, beyond the statement that she claimed to have been assaulted. It would be idle to say that such evidence might be regarded as cumulative and not prejudicial. Such a story as she told on arriving at home that night, repeated by the husband to the jury, would influence them but little, if any, less than would the evidence of a corroborating witness who claimed to have seen the transaction.

The evidence given by prosecutrix as to her relations with defendant is of such a revolting and disgusting nature as to throw grave doubt upon the question whether rape was accomplished by force; but we do not rest the reversal on that ground. It was sufficient, if believed by the jury, to justify a conviction of rape accomplished through fear.

[2] We also note that defendant moved for a change of venue on the ground that an impartial trial could not be had in said county, and in support thereof presented 36 affidavits from persons residing in different parts of the county, which motion was denied. While we do not rest the reversal upon this ground, we are of the opinion that upon a retrial the venue should be changed to another county.

The judgment and order appealed from are reversed.

ANDERSON, J., not sitting.

Note—Reported in 191 N. W. 446. See American Key-Numbered Digest, (1) Criminal Law, Key-No. 366(3), 16 C. J. Sec. 1119; (2) Criminal Law, Key-No. 134(2), 16 C. J. Secs. 320, 325.