STATE, Respondent, v. NIEUWENHUIS et al, Appellants.

(191 N. W. 446.)

(File No. 5049.   Opinion filed December 30, 1922.)

**Wills—Court, Finding for Contestants, Held not to Have Abused Discretion in Granting New Trial for Insufficiency of Evidence on Verdict for Proponents.**

In a will contest, where the trial court found, after hearing proponents' testimony, which was unsatisfactory, that no such will had ever existed, and that, if it had, and was destroyed after decedent's death, its contents had not been proved by the testimony of two credible witnesses, as required by Rev. Code 1919, Sec. 3214, but refused to enter judgment for Contestants notwithstanding the jury's verdict for proponents, on the ground that, under Section 3564, such verdict had the same force as verdicts in actions at law, he did not abuse his discretion in granting a new trial on the ground of insufficient evidence.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Petition by the State of South Dakota to contest the will of Henry P. Tjarks, deceased. Judgment for contestant, and from an order granting a new trial, Albert Nieuwenhuis, administrator, and others appeal. Affirmed.

*P. A. Hosford,* of Winner, *A. B. Beck* of Geddes, and *G. M. Caster,* of Lake Andes, for Appellants.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, (C. C. Caldwell, of Sioux Falls, of counsel), for Respondent.

Respondent cited: 20 R. C. L. 278 (Sec. 61); Muller v. City of Butte (Mont.), 95 Pac. 597; Philips v. Laughlin (Me.), 2 Ann. Cas. 1; Hamilton v. Nelson (Mont.), 57 Pac. 146; McMahon v. Rhode Island Co. (R. I.), 25 Ann. Cas. 122 and note.

POLLEY, J. This case was here on a former appeal and is reported in 43 S. D. 198, 178 N. W. 976. It was sent back to

the trial court and was retried. At the close of the testimony the contestant of the will moved for a directed verdict. This motion was denied, and the case was submitted to the jury on special interrogatories. The interrogatories were all answered in favor of the validity of the will. The contestant then moved for judgment notwithstanding the verdict. The motion was denied, and judgment was entered in favor of the proponents, but the court made findings of fact and conclusions of law favorable to the contestant and gave as a reason for not entering judgment for contestant notwithstanding the verdict that clause of section 3564, Code. 1919, which provides that verdicts in cases like this shall have the same force and effect as verdicts in actions at law. The contestant then moved for a new trial on the grounds, among others, of the insufficiency of the evidence to support the verdict and newly discovered evidence. This motion was granted on both of said grounds, and from the order granting a new trial the proponents of the will appeal.

After hearing the testimony of the proponents describing the manner of the preparation and execution of the alleged will, the manner of its preservation during the lifetime of the decedent, and its purported destruction after his death, the trial court was of the opinion that no such will had ever been in existence, and so found as a matter of fact. The court further found that, if there ever had been such a will and that it had been destroyed after the decedent's death, its contents had not been proved by the testimony of two credible witnesses as required by the provisions of section 3214, Code 1919.

In view of these findings by the trial court and of the unsatisfactory condition of the evidence, we cannot say there was an abuse of discretion on the part of the court in granting a new trial on the ground of the insufficiency of the evidence.

The order appealed from is affirmed.

GATES, P. J., concurs specially.

Note—Reported in 191 N. W. 446. See American Key-Numbered Digest, Wills, Key-No. 337, 40 Cyc. 1342-1343.