STATE, Respondent, v. MURRAY, Appellant.

(193 N. W. 132.)

(File No. 5015.   Opinion filed April 13, 1923.)

**Criminal Law — Evidence — Rape —Hearsay —Testimony Connecting Accused With Offense Held Inadmissible Hearsay.**

In a prosecution for rape, testimony by the mother of the injured girl, who was dead at the time of trial, regarding the details of the offense as related to her by deceased, held inadmissible hearsay.

Appeal from Circuit Court, Harding County; Hon. RAYMOND L. DILLMAN, Judge.

George E. Murray was convicted of rape, and he appeals from the judgment and order denying new trial. Judgment and order reversed, and cause remanded.

*M. F. Harrington,* of Omaha, Neb., *Dan McCutcheon,* of Belle Fourche, and *Hayes & Heffron,* of Deadwood, for Appellant.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

Appellant cited: 33 Cyc. 1463; 22 R. C. L. 1212; State v. Wheeler, 116 Ia. 212, 89 N. W. 978; State v. Myers, 46 Neb. 152, 64 N. W. 697; Hornbeck v. State, 35 Ohio St. 277, 35 Am. Rep. 608; Phillips v. State, 9 Humph. (Tenn.) 246, 49 Am. Dec. 709; Reddick v. State, 35 Tex. Crim. 463, 34 S. W. 274; State v. Griffien, 43 Wash. 591, 86 Pac. 951; State v. Hunger, 18 Wash. 670, 52 Pac. 247; Thompson v. State, 38 Ind. 39; Bray v. State (Ala.), 31 So. 107; Stevens v. People (Ill.), 41 N. E. 856; State v. Daugherty, 63 Kan. 473, 65 Pac. 695; Ashford v. State (Miss.), 33 So. 202; Anderson v. State (Miss.), 35 So. 202; Wigmore on Evidence, Sec. 1136; 23 Am. & Eng. Euc. of Law, 2d Ed., p. 876; State v. Eenneigh, 18 Ia. 122; State v. Mitchell, 68 Iowa 116, 26 N. W. 44; Larson v. State, 17 Tex. App. 292; Johnson v. State, 17 Ohio 593; State v. DeWolf, 8 Conn. 93; Griffen v. State, 76 Ala. 29.

Respondent cited: State v. Schultz, 169 N. W. 547, 41 S. D. 184; State v. Fritz, 44 S. D. 517, 184 N. W. 235; Kinney v. State (Tex.), 65 L. R. A. 316, 79 S. W. 817; Crommes v. State, 40 Tex. Crim. R. 672, 51 S. W. 924, 53 S. W. 882; Common-

wealth v. Bardino, 20 Pa. Dist. R. 473; Turner v. State, 66 Fla. 404, 63 So. 708; People v. Figuerroa, 134 Cal. 159, 66 Pac. 202; People v. Tarbox, 115 Cal. 57, 46 Pac. 896; Rederickson v. State, 44 Tex. Crim. R. 288, 70 S. W. 754; Hannon v. State (Wis.), 36 N. W. 1; Phillips v. State, 9 Humph. 246; State v. Mitchell, 89 N. C. 571; Bannan v. State (Wis.), 91 N. W. 107; People v. Harrington, 152 N. W. 1068; Dunn v. State (Ohio), 12 N. E. 827; State v. Peres, 71 Pac. 162; State v. Friddles, 123 Pac. 904; State v. Andrews, 105 N. W. 215; State v. Kinney, 44 Conn. 153; Jackson v. State (Wis.), 64 N. W. 184; 3 Greenleaf 213.

GATES, J. Defendant was charged in the information with the commission of the crime of rape in the second degree, on January 15, 1919. The girl in question was then 15 years of age. She gave birth to a child on October 27, 1919, and died shortly thereafter. The information was not filed until after her death. Defendant appeals from the judgment of conviction and an order denying new trial.

For the purpose of proving the commission of the crime, the connection of defendant with it, and the venue, the mother of the deceased was permitted to state to the jury a conversation had with deceased in July, 1919. The admissibility of this conversation is the serious question in this case. It appears from the evidence that defendant, a married man, lived 2½ miles from the family of the parents of the deceased girl. The mother stated in effect that her daughter told her that on January 15, 1919, while she was returning on horseback from defendant's home, where she had been to get the mail, defendant overtook her, seized the reins, took her from the horse to the ground, and had sexual intercourse with her, and that she hadn't told about it before because of fear of defendant. Upon cross-examination, the mother admitted that in a prior conversation the daughter had charged "the boy from Lead" with being the father of her child.

As to the admissibility of complaints in rape cases made by the injured girl, 22 R. C. L. 1212 says:

"Such evidence is, however, usually admissible only as corroborative of her testimony, and not as independent evidence of the offense charged. And though there are decisions to the contrary, it is generally held that if, for any reason, such as incompetency,

immature age, or death, the injured female is not produced as witness, proof of statements by her are not admissible."

The text is supported by a large number of authorities. The only cases called to our attention, at all parallel with this, holding that the declarations of the injured girl may be related to the jury in the absence of her own testimony, are cases where the assaulted girl was too young to be a witness, and the declarations of the girl were practically contemporaneous with the event. In this case the evidence given by the mother was not corroborative evidence, but was introduced and intended as independent evidence of the offense charged. It was pure hearsay and totally inadmissible. It was extremely prejudicial to defendant, especially as it was the only evidence that fixed the time and the venue of the alleged crime. Even if the injured girl had been living at the time of the trial and had testified in the case, the evidence given by the mother as to the details would have been inadmissible. State v. Schultz, 41 S. D. 184, 169 N. W. 547; State v. Hauser, 46 S. D. 151, 191 N. W. 446. In this view it becomes unnecessary to review other portions of the appeal.

The judgment and order denying new trial must be reversed, and the cause remanded for a new trial.

Note—Reported in 193 N. W. 132. See American Key-Numbered Digest, Criminal Law, Key-No. 419, 420(6), 16 C. J. Sec. 1233.