STATE, Respondent, v. HAUSER, Appellant.

(200 N. W. 357.)

(File No. 5468.   Opinion filed October 6, 1924.)

1. Criminal Law—New Trial—Evidence—Witnesses—Change in Witness' Testimony at Second Trial Being Question for Jury Held Not Reviewable.

That witness's testimony at second trial differed from that at first, being a matter affecting her veracity, was question for jury, and is not reviewable.

2. Criminal Law—Witnesses—Cross-examination — Impeachment — Exclusion of Impeaching Cross-examination Harmless, in Absence of Foundation

Exclusion of questions on cross-examination material for purpose of impeachment only, held harmless, where no proper foundation for impeachment was made.

Appeal from Circuit Court, McCook County; Hon. J. T. Medin, Judge.

Percy Hauser was convicted of rape. From an order denying new trial, he appeals. Affirmed.

*C. H. McCay,* of Salem, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

POLLEY, J.  Appellant was convicted in McCook county of the crime of rape.  An appeal was taken to this court, and a new trial was granted.  State v. Hauser, 191 N. W. 446, 46 S. D. 151.  After the record was returned to the trial court, the place of trial was changed from McCook to Minnehaha county.  A retrial was had, and appellant was again convicted.  His motion for a new trial was denied, and he again appeals.

[1]  Appellant first contends that the testimony given by the prosecuting witness at the second trial was different in certain respects from what it was at the first trial and at the preliminary hearing, and that, because of such changes in her testimony, she was unworthy of belief, and the evidence is insufficient to support the verdict.  This presents only a matter of the veracity of the witness, and is a question for the jury and not the court.  If the witness changed her testimony, appellant, by laying the proper foundation, could have introduced the transcript of her former testimony and impeached her.

[2]  The court sustained objections to certain questions asked the prosecutrix on cross-examination, and this is assigned as error.  These questions related to the testimony of the witness at the former trial, and were asked for the sole purpose of testing the veracity of the witness.  These questions were material for the purpose of impeachment only, but as no effort was made to lay a proper foundation for impeachment, appellant was not harmed by the exclusion of the testimony.

Lastly, it is urged by appellant that the effect of what was said by this court on the first appeal is to hold that the evidence is not sufficient to support a conviction of rape accomplished by force.  This contention is based on the following language:

"The evidence given by the prosecutrix as to her relation with the defendant is of such a revolting and disgusting nature as to throw grave doubts upon the question whether rape was accomplished by force, but we do not rest the reversal on that ground. It was sufficient, if believed by the jury, to justify a conviction of rape accomplished through fear."

That does not amount to a holding that the evidence is insufficient to support a conviction of .rape accomplished through force. It is true that appellant did intimidate the prosecutrix by repeated threats to kill her, but she continued to resist his attempts to ravish her until, after a struggle that had lasted something like two hours, her resistance was overcome by force.

We are satisfied that there is sufficient competent evidence in the record to warrant the jury in finding appellant guilty.

The judgment and order appealed from are affirmed.

Note.—Reported in 200 N. W. 357. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1159(4), 17 C. J. Sec. 3596; (2) Criminal law, Key-No. 1170½·(1), 17 C. J. Sec. 3658.