## GEORGE BYRNES v. THE PEOPLE.

*Criminal Offenses triable by a Justice—Defective Informations.*

An information charging the accused with breaking and entering a shop and office by night with intent to steal, but not showing whether the premises adjoined a dwelling or were occupied with one, does not allege any crime known to the law.

An information alleging no offense of which the court has jurisdiction, cannot be so amended after the proofs are in as to charge a cognizable offense.

An information lies only on a legal examination and commitment. Comp. L., § 7944.

Where complaint is made of an offense which, like petit larceny, must be tried by a justice, there is no authority for a preliminary examination; the justice must try the case himself. Comp. L., §§ 7844-60.

One who is tried on an information for an offense for which no information is allowable, has a right to decline to introduce evidence and to claim a discharge.

Five years' imprisonment in the State Prison for petit larceny is excessive.

Error to Superior Court of Grand Rapids. Submitted October 16. Decided October 30.

BURGLARY.    Criminal information under Comp. L., §
7563.    The facts are in the opinion.

*H. E. Dewey* for plaintiff in error, urged that the amendment to the information was in violation of Const., Art.
VI., § 28, and cited *People v. Olmstead,* 30 Mich., 431.

Attorney General *Otto Kirchner* for The People, sustained
the amendment, citing Comp. L., § 7926.

CAMPBELL, J.    Byrnes was prosecuted in the Superior
Court of Grand Rapids upon an information which charged
him with breaking and entering by night the shop and office
of one Murphy with intent to steal his goods and chattels,
and with stealing goods of the value of nineteen dollars.
This information was based on an examination upon a precisely similar charge, before the police justice of Grand
Rapids.    The terms feloniously and burglariously were applied in all these documents.    The jury convicted the prisoner, and the court sentenced him for burglary to five years
in the State Prison.

After the prosecution had closed their testimony the
respondent rested his case without introducing any, and asked
the court to direct the jury to acquit him as not charged
with any crime known to the laws.    The court thereupon,
on motion of the prosecution, allowed the information to be
amended so as to aver that the office and shop were not
adjoining to or occupied with a dwelling house.    With this
amendment the case was submitted to the jury, who found
respondent guilty.

The examination before the magistrate did not show either
by the complaint or by the testimony anything about the
situation of the building with reference to a dwelling.

It was held in *Koster v. People,* 8 Mich., 431, that
breaking and entering such a building, not described as not
adjoining to or occupied with a dwelling was no crime whatever known to our statutes.    So much of the charge therefore was nugatory.

But the complaint did show a specific crime, namely, the stealing of goods of the value of nineteen dollars, which under our statutes is an offense subject to trial before a justice of the peace. Where the complaint shows such an offense a justice has no authority to hold an examination, but must try the case himself. 2 Comp. L., §§ 7844–7860.

An information only lies upon a legal examination and commitment. Comp. L., § 7944.

When the respondent was tried before the Superior Court it was upon a charge of petit larceny for which no information was allowable, and that was the only offense he was called to meet. He had a right to decline introducing evidence and to claim a discharge.

The amendment allowed by the court created a new issue upon an entirely different crime, on which he had never been examined, and to meet which he had never been notified. We have no statute which would legalize any such change of accusation as this after the proofs are in on a trial. It was not the rectification of a formal defect, but a radical change of the information and its legal identity.

The judgment, being rendered on an information which in its only valid shape contained no charge of a State prison offense, nor of any offense whatever within the jurisdiction of the Superior Court, must be regarded as erroneous and invalid.

The defect is fatal to the entire proceedings as there is nothing to try over again, and as the sentence is not merely excessive but illegal.

The judgment must be reversed and the prisoner discharged.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.