[No. 8857.    Department Two.    July 25, 1910.]

The State of Washington, *Respondent*, v. Lizzie May, *Appellant*.[1]

Rape—Defenses—Evidence of Marriage Relation—Sufficiency. In a prosecution for the carnal abuse of a child, the fact that she was not married to the principal offender appears indirectly and is sufficiently shown to submit the issue to the jury, where she was under fourteen years of age, a mere school girl, living with her parents and bearing her maiden name, and the fact was not questioned at the trial.

Rape—Corroboration of Prosecutrix. Upon a charge of accessory to carnal abuse of a child, letters and oral evidence of the defendant may constitute sufficient corroboration of the testimony of the prosecutrix.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered January 24, 1910, upon a trial and conviction of the crime of carnally abusing a female child.    Affirmed.

*Edward C. Mills*, for appellant.

*Everett J. Smith*, for respondent.

Mount, J.—The appellant was convicted, as accessory before the fact, of the carnal abuse of her own thirteen-year-old child.    She appeals from the sentence upon such conviction, and argues that the trial court erred in giving and refusing certain instructions, and also that the evidence was insufficient to support the conviction.    It is sufficient to say of the instructions that those refused were given substantially as requested, and that those given clearly cover the law of the case.

The principal contention of the appellant is that the evidence is insufficient, because there is no proof in the record that the child was not the wife of one Gust Arndt, who actually committed the crime.    It is true there is no direct

[1]Reported in 109 Pac. 1026.

and positive evidence that the child was not married to Arndt. It was apparently assumed by counsel throughout the trial of the case that the marriage relation did not exist, and no direct testimony was offered upon that question. But it was shown that the child was under the age of fourteen years, that she was living at home with her father and mother, and bearing her maiden name. In fact, she was a mere school girl, and there is nothing in the record to indicate that she was married. All the circumstances indicate beyond question that she was unmarried, and certainly was not the wife of Arndt. While it is the rule that want of the marriage relation is an essential ingredient of the crime and must be alleged and proved, still it is not absolutely necessary to prove that fact by direct and positive testimony; but, like any other fact, it may be proved by facts and circumstances from which the conclusion may be drawn. *State v. Reed,* 153 Mo. 451, 55 S. W. 74; *Lewis v. People,* 37 Mich. 517; *Brenton v. Territory,* 15 Okl. 6, 78 Pac. 83, 6 Am. & Eng. Ann. Cas. 769; *Munger v. State,* 57 Tex. Cir. 384, 122 S. W. 874; *State v. Pipkin,* 221 Mo. 453, 120 S. W. 17. The facts above stated were sufficient to go to the jury upon that question.

It is also argued that there is no sufficient corroboration of the prosecuting witness. But the letters in evidence written by the appellant, and her oral testimony, are sufficient for that purpose.

There is no error in the record, and the judgment is affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.