STATE, Respondent, v. SCHULTZ, Appellant.

(169 N. W. 547).

(File No. 4428. Opinion filed Nov. 29, 1918).

(1).  **Rape—Assault with Attempt to Commit—Information, Allega-
tion, Assaulted Not Defendant's Wife—Necessity—Statute.**

An information for assault with attempt to commit rape, based upon Pen. Code, Sec. 298, providing that every person guilty of an assault with attempt to commit any felony, except * * *

the punishment for which assault is not prescribed by the proceeding section, is punishable etc., need not contain the allegation that the female assaulted was not the wife of accused; and the elements of the "felony" in question need not be set forth with that particularity necessary in an information charging such felony; that an information setting forth the assault, and alleging the person assaulted, and that such assault was with felonious intent, specifying the particular felony sought to be accomplished through the assault, embraces the elements of the offense and gives defendant all information necessary for preparation of his defense.

(2). Same—Complaints by Prosecutrix, Testimony of Third Person Re—Details of Complaint, Inadmissability.

While, in a prosecution for assault with attempt to commit rape, testimony of a third party that prosecutrix made complaint to her of the assault committed upon her, is admissable against defendant, the details of such assault as related to her by prosecutrix, are incompetent.

(3). Criminal Law—Rape, Assault to Commit—Evidence—Details of Complaint by Prosecutrix, Whether Admissable as Exclamations, etc.

Details of an alleged assault upon prosecutrix in a prosecution for assault with intent to commit rape, which details followed complaint made to a neighbor by prosecutrix the morning following an alleged assault on proceeding evening, were not admissable under the rule permitting testimony of third parties of outbursts, exclamations, or declarations of an injured party tending to explain the injury or its causes, and closely connected with the transaction.

(4). Same—Assault to Commit—Evidence of Subsequent Assault, Admissability.

In a prosecution for assault with attempt to commit rape, evidence of a simple assault and battery committed some six days after the alleged assault in question, is inadmissable.

(5). Same—Assault with Intent—Inadmissable Evidence of Details of Prosecutrix's Complaint, Proof of Intercourse Wanting—Sufficiency of Evidence.

In a prosecution for assault with attempt to commit rape, trial court having improperly admitted testimony of a third person to prosecutrix's complaint in connection with which she went into details of the alleged assault; complainant's testimony failing to show that sexual intercourse, or defendant's intent concerning same, followed the assault, held, that the evidence is insufficient to sustain verdict of guilt.

Appeal from Circuit Court, Sprink County. HON. ALVA E. TAYLOR, Judge.

The defendant, August H. Schultz, was convicted of an assault with attempt to commit rape, and he appeals.    Reversed.

*Van Slyke & Bartlett,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *W. H. Beckman* State's Attorney, for the State.

(1) To point one of the opinion, Appellant cited:

Young v. Territory, 58 Pac. 724.

Respondent cited:

Peo. v. Estrada, 53 Cal. 600; Peo. v. Miles, 9 Cal. App. 312, 101 Pac. 525.

(2)  To point two, Appellant cited:

10 Enc. of Evi. 587, and cases cited in footnote; State v. Griffin, 86 Pac. 951.

Respondent cited:

State v. Peterson, 110 Iowa, 647, 82 N. W. 329; Peo. v. Harrington, (Mich.) 152 N. W. 1068; State v. Symens, 138 Iowa 113, 115 N. W. 878; Brooks v. State, (Ala) 62 So. 569; Turner v. State, (Fla.) 63 So. 708; Williams v. State, 66 Ark. 264, 50 S. W. 517.

(5) To point five, Respondent cited:

State v. Sheets, (Ia.) 102 N. W. 415; Castle v. State (Tex.), 90 S. W. 32; People v. Toutant, 95 N. W. 541.

WHITING, P. J.    Appellant was convicted of an assault with intent to commit rape and appealed from the judgment of conviction and from an order denying him a new trial.

[1] Appellant contends that the information was insufficient in that it did not allege that the female assaulted was not his wife.   This prosecution is based upon section 298, Pen. C., which reads:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not prescribed by the preceding section, is punishable," etc.

The authorities are hopelessly divided upon the question of the necessity, in an information or indictment for rape, of an allegation that the person ravished was not the wife of the ravisher. An examination of the authorities discloses that this diversity of holding does not rest upon the fact that, in the states whose courts hold one way, the statutory definition of "rape" contains a de-

claration of a limitation expressly limiting its provisions to cases where the party ravished is not the wife of the ravisher, while in the states holding the other way no such declaration is to be found in the statutory definition. We are not called upon at this time to declare what are necessary allegations in an information for rape, for we do not believe that, under statutory provisions such as section 298, supra, it is essential that the elements of the "felony" be set forth with the same particularity as would be necessary in an information charging such felony. The elements of this offense sought to be charged are: (1) The assault, (2) the felonious intent. When the information sets forth the assault alleging the person assaulted, and follows this with the allegation that such assault was with a felonious intent, specifying the particular felony sought to. be accomplished through such assault—in the case of assault to commit rape, that by means of such assault the defendant intended to rape the female assaulted—it has set forth the elements of the offense and has also given to the defendant all the information necessary for the preparation of his defense. We believe that informations charging assault with intent to commit a felony are analogous to informations for burglary. In R. C. L. 436, it is said:

"The rule is well established that although in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified. The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson."

Appellant has assigned numerous errors in the rulings upon receipt of evidence. A brief statement of some of the undisputed facts as well as the variant claims of appellant and the complaining witness will assist to an understanding of the merits of such assignments as we shall consider. The complaining witness entered the home of appellant as housekeeper on or about June 10th; the offense is charged to have been committed on July 16th. She testified that, on the evening of July 16th, he made improper

advances both verbal and physical, and, upon her resenting and repelling same ,that he flew into a violent passion perpetrating upon her a most outrageous assault. The state contend's this assault was committed with the intent to ravish her. Appellant does not deny but that there was trouble on the evening of July 16th. He testified that, on the evening of July 16th, she was drunk, and that such force as he used upon her was used for the purpose and with the intent of quieting her and was no greater than was necessary for that puropse. Whether it was because she was crazed with drink or feared for her life, it is undisputed that she fled the house in her night clothes and was, by appellant and a hired man, found unconscious in a field near the house. On the morning of July 17th, the complaining witness "done" up part of the housework and then went over to a neighbor's, where she related to a woman, not only the fact that she had been assaulted, but what she claimed to be the particulars of the assault. The complaining witness returned to appellant's home on the morning of July 17th and continued to remain there until the morning of July 22d, when there was another quarrel, in the course of which appellant committed what would amount to an assault and battery unless justified. There was no claim that on this latter morning appellant assaulted her with any intent to ravish her. The person of the complaining witness was examined by a doctor on or about July 25th. The complaining witness testified that on that date the bruises she had received on the 16th had all disappeared. She testified that she never had had sexual intercourse with appellant, and on the 16th, according to her testimony, nothing occurred that could in any manner cause any injury to her sex organs.

[2, 3] The neighbor woman was allowed to testify, not only to the fact that the complaining witness made complaint of the assault that had been committed upon her, but as to the details of such assault as related to her by the complaining witness. The welfare of society requires that the law recognize the uncorroborated testimony of a ravished woman as sufficient to warrant a conviction for the crime of rape or of assault with intent to commit rape. On the other hand, the law has long recognized that it is natural for one so wronged to take advantage of the first opportunity that offers and disclose such wrong to those in whom she would naturally confide. There has thus arisen, as a corollary

to the rule allowing conviction upon the uncorroborated testimony of the complaining witness, the further rule that want of proof of any complaint by the complaining witness tends to weaken her testimony. Thus has sprung up the rule of law which permits the testimony of third parties tending to prove the fact that complaint was made. This rule, under all authorities, allows no further proof than that complaint was made, with possibly proof of what was said as to the name of the guilty party. It does not permit testimony of the third party relating what the complaining witness said as to the details of the offense—it will readily be seen that the reason for the rule is satisfied by proof of the mere fact that a complaint was made. There is another rule of law that permits the testimony of others as to outbursts, exclamations, or declarations of an injured party, when such outbursts, exclamations, or declarations tend to explain the injury or its causes, and when such outbursts, exclamations, or declarations are so closely connected with the transaction from which the injury flowed as to make it reasonably certain that they are the unconscious or natural resultant of the injury and matters connected therewith and not made in furtherance of some concocted plan or scheme devised by the injured party. Under neither of these rules of law was this testimony, as to what the complaining witness said concerning the details of the alleged assault, admissible.

[4] The state was allowed to introduce evidence as to the affair of July 22d. That this evidence was improperly received is too apparent to need any citation of authorities or statement of reasoning. If the jury believed the complaining witness' version of what occurred, they could not but be prejudiced thereby against appellant, as it would disclose him to be a brute. But proof that a man has to-day treated a woman with brutal cruelty, such cruelty revealing, however, no sensual passions or desires, falls far short of being corroborative of evidence to the effect that yesterday such man had an intent to ravish such woman.

The doctor was allowed to testify as to the physical condition of the complaining witness. It is clear that testimony as to conditions found on the 25th could not, in the light of the other evidence, have thrown the least light upon the disputed question of appellant's intent on July 16th.

[5] The admissions made by the appellant would hardly tend to win the good graces of a jury. But when, in addition to this, there was received this incompetent evidence, which, on the one hand, would tend to win the sympathy of the jury for the complaining witness, and on the other, tend to prejudice the jury against appellant, it would hardly be strange if the jury overlooked the real issue presented by the information and the court's instructions, and brought in a verdict upon general principles. We are impressed with the belief that that is what happened in this case. The testimony of the complaining witness, if taken to be absolutely true, disclosed that appellant made improper advances, both verbal and physical, with the evident purpose of winning consent to sexual intercourse. It further disclosed, as we think beyond all question, that, being rebuffed, appellant flew into a violent passion (but one of which sensual desire remained no part); and it disclosed that he then committed a most grievous and disgusting assault upon her. Not only did the complaining witness herself testify that appellant did not attempt to have sexual intercourse with her, but his every act and word, as testified to by her, though disgusting in the extreme, precludes any possible inference that, after being rebuffed in his solicitations, he had any intention or even desire to have such intercourse—such evidence shows a loathing of, rather than a sensual passion for, her body.

We are satisfied that the errors above noted were prejudicial, in that they permitted the receipt of evidence which tended to lead the minds of the jurors from the issues before them.

The judgment and order appealed from are reversed.