STATE, Respondent v. TWYFORD, Appellant

(186 N.W.2d 545)

(File No. 10845.   Opinion filed May 4, 1971)

**David V. Vrooman,** Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **F. N. Niemoller,** Asst. Atty. Gen., Pierre, **Larry Hosmer,** State's Atty., Yankton, for plaintiff and respondent.

WINANS, Judge.

The defendant, charged with the crime of rape in the second degree, was upon jury trial convicted of attempted rape in the second degree. He was sentenced to five years in the state penitentiary and appeals from the judgment.

The victim was twelve years of age at the time of the alleged rape and the defendant was nineteen years of age.

The appellant presents and argues two assignments of error.

1. That the court erred in not granting defendant's motion for a directed verdict of not guilty and acquittal made

at the close of the state's case upon the grounds that the state had failed to establish a prima facie case, and more specifically, because of the failure of the state to present any evidence whatsoever to establish that the victim, Joni Aline Turner, was not at the time of the incident the wife of the defendant.

Rape is defined in South Dakota as follows, SDCL 22-22-1:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator under either of the following circumstances:

(1) Where the female is under the age of eighteen years".

The above defined rape is generally referred to as statutory rape. Rape is made second degree rape unless committed upon a female under the age of ten years or incapable, through lunancy or any other unsoundness of mind, of giving legal consent, or accomplished by means of force overcoming her resistance, in which case it would be rape in the first degree. SDCL 22-22-4.

■  The contention made under this assignment of error is the state did not prove upon the trial that prosecutrix and defendant were not husband and wife. The information in the case properly alleged they were not. It is claimed the court completely overlooked this one element of the statutory definition of rape in its Instruction No. 17. It is true that such instruction does not mention the necessity of proof of this one element, but it is mentioned either directly or indirectly in three other instructions given to the jury, namely, Nos. 1, 3 and 5. Instructions must be considered as a whole. State v. Sturgis, 54 S.D. 245, 222 N.W. 681. Also West's Dakota Digest, Criminal Law, 822 et seq. Viewed in light of instructions as a whole, the defendant was not prejudiced. State v. Ballard, 72 S.D. 293, 33 N.W.2d 339.

Our court has held in State v. Fulks, 83 S.D. 433, 160 N.W.2d 418, "Carnal knowledge of a female under the age of eighteen years, not the wife of the perpetrator, with or without her consent constitutes the crime."

The North Dakota Supreme Court has held that rape can only be " 'accomplished with a female not the wife of the perpetrator.' It is a part of the statutory definition, and must be alleged in the information and proven at the trial." It must be proven "beyond a reasonable doubt". State v. Johnson, 58 N.D. 832, 227 N.W. 560. The Johnson case, supra, quotes the case of Munger v. State, 57 Tex. Cr.R. 384, 122 S.W. 874, 876 as follows: "A reversal is asked because the evidence fails to show that the alleged injured female was not the wife of the defendant. Singular to say, but the statement of facts does not show positively, or, rather, by positive statement, that she was not the wife of appellant. However, the circumstances show that she was not his wife."

In the Munger case it was held that the indirect proof was sufficient, although it was not offered for the purpose of proving that there was no marital relationship. The North Dakota case refers to a number of cases which in effect hold that the fact of nonmarriage may be established by indirect testimony. The holding in State v. Seeb, 1949, 76 N.D. 473, 37 N.W.2d 341, is "that the defendant and prosecuting witness were not husband and wife may be proven by indirect as well as direct evidence. As said in the case of State v. Johnson (citations) 'like any other fact, it may be proved by facts and circumstances from which the conclusion [of nonmarriage] may be drawn.' "

The Washington Supreme Court in the case of State v. May, 1910, 59 Wash. 414, 109 P. 1026, holds, "It was apparently assumed by counsel throughout the trial of the case that the marriage relation did not exist, and no direct testimony was offered upon that question. But it was shown that the child was under the age of 14 years, and that she was living at home with her father and mother, and bearing her maiden name. In fact, she was a mere schoolgirl, and there is nothing in the record to indicate that she was married. All the circumstances indicate beyond question that she was unmarried, and certainly was not the wife of Arndt. While it is the rule that want of the marriage relation is an essential ingredient of the crime, and must be alleged and proved, still it is not absolutely necessary to prove that fact by direct and positive testimony; but, like any other fact, it may be proved

by facts and circumstances from which the conclusion may be drawn."

■ The age of consent to marriage of an unmarried female, not otherwise disqualified, in the State of South Dakota is sixteen years or upwards. SDCL 25-1-9. Under-age marriage is permitted in case of pregnancy. SDCL 25-1-12. In this case the age of the girl at the time of the alleged rape was twelve years. It was also shown that she was a mere schoolgirl in the sixth grade; that she lived at home; that her surname was different from that of the defendant. Other facts and circumstances were shown, and from all of these it is reasonable to assume that the jury could find as a fact and beyond a reasonable doubt that prosecutrix was not married and certainly was not the wife of the defendant at the time the rape was committed, and we think that the rule in South Dakota should be that nonmarriage of the prosecutrix to the perpetrator of the sexual act is an essential ingredient of the crime which may be proved by facts and circumstances from which the conclusion may be drawn the same as the rule set forth in many other states and which in brief have been alluded to above.

■ Beyond all "reasonable doubt" is not the same as "mere possibility of doubt". It is not an imaginery doubt nor a doubt of absolute certainty of guilt of a defendant. See Pattern Jury Instructions for South Dakota, and the source material referred to.

The defendant's second assignment of error is:

2. That the court erred in allowing testimony by the mother of the victim relative to a conversation had with the victim some 67 to 82 days after the alleged rape.

■ The information in this case charged the offense as having been committed on or about the last fifteen days of October 1968. The mother testified that in January of 1969 she once again became aware that her daughter was seeing the defendant and that after she knew her daughter had resumed this relationship she had a conversation with her on January 6, 1969. The defendant was not present. The mother was asked, "During the course of this conversation,

without going into the actual conversation, did she (the victim) make any statement about having had an act of sexual intercourse?" This was objected to as hearsay. There was then made an offer of proof by the state out of the presence of the jury. The court's attention was called to two South Dakota cases, State v. Thrope, infra, and State v. Schultz, infra, whereupon the court informed counsel that he would allow testimony of the fact of complaint, but not testimony or evidence concerning the actual acts or conduct of the two parties. Upon resumption the question was asked, "What was that conversation about?" and over objection the mother was allowed to answer, "About why she went about and disobeyed any orders and kept on seeing Terry". The mother was also allowed over objection to testify that her daughter informed her she had an act of sexual intercourse with Terry.

Our court rather early, in the case of State v. Schultz, 1918 41 S.D. 184, 169 N.W. 547, stated the rule of complaint and the reason for the rule as follows: "* * * want of proof of any complaint by the complaining witness tends to weaken her testimony. Thus has sprung up the rule of law which permits the testimony of third parties tending to prove the fact that complaint was made. This rule, under all authorities, allows no further proof than that complaint was made, with possibly proof of what was said as to the name of the guilty party. * * *."

In the case of State v. Thorpe, 83 S.D. 499, 162 N.W.2d 216, the court held that complaint by the victim to third parties is admissible, but the details of her story are not, quoting State v. Schultz, supra.

We do not find that the evidence related to the details of the offense. What it did give was the fact of complaint and the name of complainant and the name of the alleged perpetrator.

However, error is predicated upon delay in making the complaint, it having been made on January 6th and the crime having been committed at some point of time in the last fifteen days of the preceding October, making a delay in the neighborhood of some 67 to 82 days after the alleged incident.

We have held in State v. Fritz, 44 S. D. 517, 184 N.W. 235, "The mere lapse of time occurring after the injury and the time of the complaint is not the test of the admissibility of the evidence. The rule requires that the complaint should be made within a reasonable time. The surrounding circumstances should be taken into consideration in determining what would be a reasonable time in any particular case."

In an Iowa case, State v. Petersen, 110 Iowa 647, 82 N.W. 329, it was held complaints that the defendant had assaulted and ravished the prosecuting witness might be given by such witness; also that lapse of the time in making the complaint is not the sole test of admissibility. "But the inference arising against the truth of the charge, from silence, is a matter for the consideration of the jury in determining the weight to be attached to it. (Cases cited) The delay in making complaint may be explained." Quoting further from the same case, "The exact particulars stated by her cannot, of course, be narrated, but the fact regarding which complaint is made may be stated." In State v. Bell, 1945, 235 Iowa 767, 16 N.W.2d 218, the Iowa court cites a number of Iowa cases which hold that it is "proper to show complaints made by the prosecuting witness as to who her assailant was, and as to what he did to her. It was proper to show that she named the party and enough of her complaint may be detailed to show what act of the defendant she complained of; that is to say, that what he did was criminal. It has been held that where the prosecutrix is a very young child the rule is not applied with the same strictness as in the case of an adult, or of one who has reached such an age as to have an understanding of such matters. * * * 44 Am.Jur. p. 952, Sections 82-86 inclusive."

In the case of Commonwealth v. Krick, 1949, 164 Pa. Super. 516, 67 A.2d 746, the Superior Court of Pennsylvania in a case involving a defendant convicted of statutory rape of a girl twelve years of age, held that the testimony of the girl's father, who testified that on May 22nd, approximately five months after the first attack and a month after the second, his daughter told him that defendant had had intercourse with her, was competent testimony. The court held

that the girl's statement was obviously not a spontaneous utterance and was not admissible as res gestae and it further held "However the fact that a complaint was made, even though it does not qualify as res gestae, is always admissible." "It should be observed too that the weight attaching to a complaint depends upon the promptness with which it is made and the nature of the explanation given for any delay. * * * The weight of the testimony is for the jury * * *." The case of State v. Grady, an Iowa case, 183 N.W.2d 707 (Feb. 1971), has cast some doubt on the principles enunciated in the case of State v. Bell, supra, insofar as the holding of the Bell case allowed the "mother's testimony as to her daughter's identification of defendant as her assailant." But, the Grady case does say "We point out that in cases where the prosecutrix is a very young child the rule is not to be applied with the same strictness as when the injured female has reached such an age as to have an understanding of such matters." In the Grady case the complaining witness was 51 years of age, and a married woman. Grady further holds:

> "Assertions by testifying witnesses as to **the fact of complaint** uttered to them by the prosecutrix are admissible in this type of case when offered as corroboration of the prosecuting witness. The purpose of such offer of evidence is not to show the truth of the matter asserted in the utterance, but only that a complaint was uttered by the woman. The hearsay rule is not involved."

And again it also holds:

> "Lapse of time before complaint is made is not the sole test of admissibility when the fact of complaint is offered as a fact corroborative of the prosecutrix in a rape case. Delay is subject to explanation and goes only to the credibility and weight of the evidence and is, therefore, a subject of consideration for the jury. (Iowa cases cited) This is not to say that a complaint may not be so long delayed as to rob it of all force, and hence warrant a refusal to receive it in evidence."

4 Wigmore on Evidence § 1136, n. 10 says: "The fact that the complaint was **elicited by questions** should not of itself exclude the fact of complaint,—certainly in the case of young children".

The defendant in the case of People v. Burton, 1961, 55 Cal.2d 328, 11 Cal.Rptr. 65, 359 P.2d 433, was convicted of two lewd acts committed against W, a 7-year-old girl, and on appeal, among other things, urges that the evidence of W's complaint to her mother on the morning of August 16th shortly after the alleged offense was inadmissible. The California Supreme Court adopted the following rule: "We therefore accept the view that although details cannot be recounted, it can be shown by the People 'that the complaint related to the matter being inquired into, and not a complaint wholly foreign to the subject' (citing a California case) that is, the alleged victim's statement of the nature of the offense and the identity of the asserted offender, without details, is proper."

A Michigan case, People v. Gage, 1886, 62 Mich. 271, 28 N.W. 835, holds that statements as to an alleged assault with intent to rape made by the ten-year-old victim in the month of August following the twenty-first day of May, when the crime was alleged to have been committed, was properly admissible and took the view that the delay in complaining was excusable because of the girl's tender years and her fear induced by threats of the defendant.

In our case the evidence is clear that the victim and defendant had been keeping company and after school was out in June of 1968 she had gone to California; that the mother of the victim had become aware that her daughter was keeping company with the defendant in May of 1968, and after her daughter's return from California in September of 1968 she entered the sixth grade and began again seeing the defendant; that this relationship was kept from the mother until in January of 1969 when the mother did learn of it and had the conversation we have set forth above. It seems to us that under such facts and surrounding circumstances and considering the age of the victim that the evidence of the

delayed complaint was admissible with the weight thereof for the jury.

The judgment is affirmed.

RENTTO, P. J., and BIEGELMEIER, J., concur.

WOLLMAN, J., concurs specially.

HANSON, J., dissents.

WOLLMAN, Judge, (special concurrence).

I concur in the result reached by the majority and in so much of the opinon as deals with the proof that the young girl was not the wife of the defendant at the time of the offenses. I do not believe, however, that the conversation delayed complaints by children in cases involving sexual offenses. I do not believe, however, that the converscation which occurred between the young girl and her mother on January 6, 1969 was admissible on the theory that it constituted a delayed complaint of the offense. The record does not indicate that the statement by the young girl was in the nature of a voluntary utterance or that it was made under circumstances which would suggest that it was the result of some long pent-up desire to speak the truth.

Although I believe the trial court erred in permitting the mother to testify about the conversation of January 6, 1969, this error, when viewed in the light of the entire record, was not so prejudicial to the defendant as to require a reversal. This court has said that "Prejudicial error is such error as in all probability must have produced some effect upon the final result of the trial, namely the verdict of the jury." State v. Ptrkey, 1910, 24 S.D. 533, 124 N.W. 713. See also State v. Kingston, 1970, 84 S.D. 578, 174 N.W.2d 636.

The mother did not testify as to any specific details of the offense as did the witnesses in the Thorpe case cited in the majority opinion. Thus her testimony did not have the tendency to overemphasize the victim's testimony to the jury and did not have the effect of allowing eyewitness testimony when there was none. The cases cited in the Thorpe decision involved such egregious errors in admitting testimony that the court had no choice but to reverse. In the

instant case the only direct reference in the mother's testimony regarding the sexual offense was the answer, "Well, about the sexual intercourse, we had talked about that." Following this answer, the mother was permitted to testify that her daughter told her that the act of sexual intercourse had been with the defendant, whereupon the state ended the mother's direct examination. Any error in admitting this testimony would appear to be clearly innocuous.

HANSON, Judge (dissenting).

In my opinion the testimony of the mother as to the conversation with her daughter about sexual intercourse with defendant should not have been admitted in evidence as the conversation (1) was not in the form of a complaint, and (2) was too remote in time after the alleged offense to be considered as a spontaneous utterance.

Such evidence was also, in my opinion, prejudicial and constituted reversible error.