**In the Matter of S. F. H. R., Alleged Delinquent Child.**

**No. 12913.**

Supreme Court of South Dakota.

Submitted on Briefs April 17, 1980.

Decided June 4, 1980.

Margaret Crew, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Robert J. Burns of Burns, Hagen & Wilka, Sioux Falls, for appellant child; Thomas K. Wilka of Burns, Hagen & Wilka, Sioux Falls, on brief.

FOSHEIM, Justice.

This is an appeal from an adjudication of juvenile delinquency and a disposition committing appellant child to a term in the Minnehaha County Jail.

On July 16, 1979, the State filed a petition alleging appellant S.F.H.R. (then 17 years of age) to be a delinquent child for forcibly raping a juvenile girl. Following a trial to the court, findings of fact and conclusions of law were entered determining the allegations contained in the State's petition to be true beyond a reasonable doubt. Appellant was thereupon committed to spend six months in jail, subject to work-release privileges. Imposition of the jail commitment was stayed pending appeal on condition that a one-year probation period commence on the date of disposition.

■ Appellant contends that the evidence was insufficient to establish guilt because the State failed to prove the essential elements of the offense of rape beyond a reasonable doubt as required by *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). SDCL 22–22–1(1) provides, in pertinent part:

Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances:

(1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution[.]

The State concedes that the evidence does not directly prove that the complaining witness was not the appellant's spouse. In *State v. Twyford*, 85 S.D. 522, 186 N.W.2d 545, 19 A.L.R.2d 579 (1971), however, we held that the fact of nonmarriage may be established by indirect as well as direct evidence. In the present case, the prosecutrix was fifteen years old at the time of the alleged rape and lived with her mother and sisters. Her surname was different from that of appellant. It was established that appellant, who resided with his aunt, had been in the community only a short time; the prosecutrix had known him for just three months. Both the prosecutrix and appellant testified that they had never dated or attended social functions together. From these and other facts and circumstances in evidence, the trier of fact could find beyond a reasonable doubt that the complaining witness was not the spouse of appellant. *State v. Twyford*, supra.

■ Appellant admitted that the act of sexual intercourse took place. The only remaining question, therefore, is whether the evidence was sufficient to establish beyond a reasonable doubt that the sexual intercourse was the result of force or threats of great bodily harm.

The incident occurred following a beer party on the night of July 13, 1979, at which both appellant and the prosecutrix were present. Appellant's version of the facts is that the prosecutrix asked him to meet her outside the apartment building where the party took place; that they met and he walked down the hill with his arm around her shoulder; that they slipped on the wet grass, fell to the ground and had intercourse; and that he did not strike or threaten the girl in any way.

The prosecutrix, on the other hand, testified that at appellant's behest, she briefly sat on his lap, but soon became annoyed at his advances. According to her version, she left the party shortly thereafter and was accosted by appellant as she walked home. Appellant covered her mouth and dragged her down a hill. She fought with him and screamed, but appellant slapped her, twisted her arm, pulled her hair, and threatened more severe abuse. He eventually overpowered her and the sexual act occurred. The young woman then returned to the party and informed her sister that appellant had raped her. She was taken to the hospital emergency room and examined by medical personnel.

The victim's testimony was corroborated by other evidence. The prosecutrix' sister, as well as the examining physician and nurse, testified as to the victim's nearly hysterical state following the incident. Additionally, a witness testified that she saw appellant and the prosecutrix struggling on the hill. Appellant points out that this witness was not alarmed by what she saw and that two youths in proximity to the assault heard no screams. He also claims that the absence of bruises on the victim negated the element of force. However, a person may not escape conviction or adjudication of delinquency merely by presenting a set of facts that is not inconsistent with the State's evidence. *People in the Interest of W. G. R. H.*, 255 N.W.2d 899 (S.D.1977); *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975). The fact that there is a conflict in the evidence does not militate against a finding that the allegations of the petition are true. We must give due deference to the ability of trial judge, as the ultimate fact finder, to weigh the evidence and determine the credibility of witnesses. *State v. Means*, 268 N.W.2d 802 (S.D.1978); SDCL 15–6–52(a).

Appellant nonetheless argues that the trial court itself did not reach a "subjective state of certitude on the facts" as required by *In re Winship*, 397 U.S. at 364, 90 S.Ct. at 1072, 25 L.Ed.2d at 375. At the close of all the evidence, the trial judge made the following remarks:

> I am also saying that there was [sic] a lot of other influences present here. The beer party and lack of adult supervision and everything else, so I am saying there are some extenuating circumstances that are somewhat in favor of . . . [appellant] and . . . [the prosecutrix] shouldn't have been there in the first place, but *I am finding that the petition is true. I don't think there is much doubt about that* . . . Kids are going to play with fire, they're going to get burned by fire. [emphasis supplied]

Just prior to these remarks, the judge stated that "the Court is trying to go by the more independent of the witnesses, plus looking at it from a reasonable doubt angle." Viewed in this context, it is clear that the judge's comment was nothing more than a recognition that one form of misconduct often spawns greater misconduct.

Viewing the evidence with the most favorable inferences that can be drawn therefrom in support of the decision, we conclude there was sufficient evidence for the court to find that the State's allegations were true beyond a reasonable doubt. *State v. Means*, supra; *State v. Zobel*, 81 S.D. 260, 134 N.W.2d 101 (1965), *cert. denied*, 382 U.S. 833, 86 S.Ct. 74, 15 L.Ed.2d 76 (1965).

The judgment is affirmed.

All the Justices concur.