Harold F. GREENWAY, Appellant,

v.

STATE of Alaska, Appellee.

No. 4754.

Supreme Court of Alaska.

Nov. 7, 1980.

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

Natalie K. Finn, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

Harold Greenway was convicted of raping his thirteen year old stepdaughter. The rape occurred in July, 1978, on the banks of the Yukon River, near Greenway's summer fish camp. According to the victim, Greenway threatened to kill her if she told anyone about the rape and, as a result, she told no one other than her mother[1] until September, when she reported the rape to her school counselor. At trial the State, over Greenway's objections, presented testimony by the victim's mother and her school counselor concerning her complaints of rape. Greenway now contends that the trial court's failure to exclude this testimony as inadmissible hearsay constituted reversible error.[2]

The State contends that the statements in question were admissible under the special hearsay exception concerning complaints of the victim in sex crimes. We find this argument persuasive.

■ We recognized this exception in *Torres v. State*, 519 P.2d 788, 793 n.9 (Alaska 1974):

[A]s Wharton points out, statements concerning the crime of rape or sexual assault, shortly after the commission of the act are admissible as a recognized exception to the hearsay rule:

In a prosecution for a sex crime, such as rape or assault with intent to rape, it

1. There is conflicting testimony as to whether or not the victim actually told her mother of the rape. The victim testified that she told her mother of the rape about three days after the incident but the mother interpreted this conversation differently and denied that she knew of the rape until after the victim told her school counselor in September. A social worker also testified that she and the mother had discussed the victim's rape and that the mother had indicated that her daughter had told her of the rape shortly after the incident. The mother admitted to having several conversations with the social worker but again denied admitted knowledge of the rape prior to her daughter's report to the school counselor.

2. Appellant also claims as error the admission of the testimony of the victim that she had told her mother, best friend, social service worker and her school counselor about the rape. However, no objection was made to this testimony and, in fact, the appellant agreed that it should be admissible. Therefore, this claim of error was waived.

may be shown by testimony of the prosecutrix or by that of some other witness, that the prosecutrix made complaint of the crime shortly after its commission. Such evidence tends obviously to indicate the truth of the charge and is corroborative thereof; conversely, evidence of the failure to make a prompt complaint casts doubt upon the truth of the claim that a crime had been committed.

2 F. Wharton, Criminal Evidence § 313, at 113–114 (13th ed. Charles E. Torcia 1972) (footnotes omitted).

*See also* 4 J. Wigmore, Evidence §§ 1134–36 (Chadbourn rev. ed. 1972) (discussing at length the justifications behind the exception). It is true that, other than the disputed complaint made to her mother approximately three days after the incident, the victim here did not complain of the rape until September, over a month after its commission. However, her delay is both explained and excused by Greenway's threats against her and her young age. *See, e. g., Hunt v. State*, 213 So.2d 664 (Ala.App.), *cert. denied*, 213 So.2d 666 (Ala. 1968) (delay of nine months does not bar admission of testimony, in light of, *inter alia*, defendant's threats to kill victim); *State v. Twyford*, 85 S.D. 522, 186 N.W.2d 545 (1971) (delay of over two months not reason to exclude testimony, since victim was only twelve years old).[3] We therefore

conclude that the trial judge did not err in admitting the testimony of the rape victim's mother and her school counselor concerning her complaint of rape.[4]

The conviction is AFFIRMED.

MATTHEWS, J., with whom RABINOWITZ, C. J., joins, concurs.

MATTHEWS, Justice, joined by RABINOWITZ, Chief Justice, concurring.

I agree with the Per Curiam opinion. Moreover, I believe that the questioned evidence was properly admitted under the recent fabrication exception[1] to the common law rule prohibiting the admission of prior consistent statements, for the following reasons.

Defense counsel in this case elicited testimony that the victim was generally unhappy living with her mother and stepfather before the rape, and that thereafter, in early September, her mother and stepfather were in a violent fight involving a gun during which the victim and her younger sister were forced to flee to a neighbor's house and the police were called. It was just a few days after this incident that the victim complained of the rape to her school counselor, which resulted in her being taken from the home of her mother and stepfather. Thus, while there was a general mo-

---

**3.** We realize that the list of hearsay exceptions found in our present Rule 803, Alaska R. Evid., does not include this exception. This omission, however, was more in the nature of an oversight on our part, and not a repudiation of *Torres*; we shall refer the question of whether the rules should be amended to include the exceptions noted in *Torres* to our standing committee on the Evidence Rules. In any event, Evidence Rule 803 was not in effect at the time of Greenway's trial, and so does not govern this appeal.

**4.** We find no merit to appellant's argument that the victim's testimony went beyond the "fact of the complaint" limitation which is part of the special hearsay exception concerning complaints of the victim in sex crimes. Appellant argues that it was error to allow the victim to testify that she had mentioned the location of the event and, impliedly, the perpetrator, to third persons. Testimony from either the victim or witnesses pertaining to "details" of the victim's complaint is generally not admissible.

*See generally* 4 J. Wigmore, Evidence § 1136, at 306 (Chadbourn rev. ed. 1972). However, in her testimony the victim did not, in fact, state anything about the rape or the name of the perpetrator in her complaints to third persons. The victim's testimony was only to the effect that she had told third persons of the rape. She gave no details pertaining to her complaints and nothing else in the record indicates that either the victim or the witnesses gave such testimony.

**1.** This exception has been codified in the Alaska Rules of Evidence as Rule 801(d)(1)(B). It provides:

A statement is not hearsay if
(1) The declarant testifies at the trial or hearing and the statement is . . .
　(B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . .

tive to fabricate which antedated the rape there was also a specific event which could have supplied a motive to fabricate which occurred after the victim complained of the rape to her mother but before she complained of the rape to the school counselor.

Where there are several events which supply a motive to fabricate, evidence of a statement consistent with the declarant's testimony which was made before the latest event, but after the others, may be admitted:

> Otherwise, it would never be proper to rehabilitate a witness by proof of prior consistent statements in cases where numerous impeaching circumstances were shown to exist at the time of the trial but where there may be found a theoretical possibility that the witness might have been motivated by one of them at the time of making the prior consistent statement.... The principle involved is that where the circumstances are such as to leave it reasonably possible for the jury to say that the prior consistent statements did in fact antedate the motive disclosed on the cross-examination, the court should not exclude them.

*United States v. Grunewald*, 233 F.2d 556, 566 (2nd Cir. 1956), *rev'd on other grounds*, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).

Applying this rule to this case, the victim's complaint to her mother was admissible under the recent fabrication exception.