**STATE of Missouri, Respondent,**

v.

**Ronald Lee THURBER, Appellant.**

**Nos. 42815, 44105.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 8, 1981.

David Horwitz, Lawrence J. Gordon, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Thomas G. Auffenberg, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant was charged in a three count information with the class B felonies of rape, § 566.030.–1.(1), RSMo. 1978 (all further statutory references will cite the section only) and oral and anal sodomy § 566.-060.–1.(1). After one mistrial, a jury convicted him of the rape and oral sodomy charged in Counts I and II of the information, respectively. Defendant was sentenced to serve concurrent terms of eight and five years imprisonment, the sentences to run consecutively to another sentence defendant was then serving. Defendant appeals, and presents three principal assignments of error. We affirm. Defendant's habeas corpus petition is denied as moot.

In February, 1979, the prosecutrix and her female cousin went in the cousin's car from St. Louis County, where they resided, to a nightspot called the Corral Lounge in Granite City, Illinois. After the Corral Lounge closed, the cousin met her boyfriend and decided to leave with him, leaving the prosecutrix without a ride home. The prosecutrix accepted the defendant's offer to take her home, and en route she was beaten, raped and sodomized.

Defendant raises a cluster of issues under the so-called rape shield statute, § 491.015. Prior to trial, defendant moved under § 491.015.–3. for leave to inquire at trial into an act of sexual intercourse the prosecutrix supposedly engaged in a day or two before defendant attacked her. The reason for the motion appears in the offer of proof: While being examined and treated after defendant's attack, the prosecutrix supposedly told the attending physician about the earlier sexual act. At both her deposition and the first trial of this case, she denied she engaged in the act. Defendant's offer of proof does not state with whom the prosecutrix allegedly had intercourse, nor does it state anything further about the circumstances. Rather, his purpose in eliciting the testimony was to impeach the prosecutrix at trial. Defendant contended below, as he does here, the testimony was relevant to the "issue" of prosecutrix's credibility, and that the testimony is admissible under § 491.015.–1.(3) as "[e]vidence of immediate surrounding circumstances of the alleged crime; ...."

The trial court denied the motion, and held testimony was irrelevant. Defendant assigns that ruling as error, and also makes a belated constitutional attack on § 491.015. We agree with the trial court that the testimony was irrelevant, and we do not reach the constitutional issues.

The effect of § 491.015 pertinent here is that in a prosecution for rape *inter alia*, evidence of specific instances of the complaining witness' prior sexual conduct that may have been admissible before enactment of the statute is now inadmissible unless it qualifies under one of the exceptions listed at §§ 491.015.–1.(1) through (4). As we read the trial court's ruling, it was that the testimony defendant sought was inadmissible notwithstanding the statute, for defendant's offer of proof advanced nothing that would connect either the alleged prior act of sexual intercourse or the prosecutrix's credibility *per se* to any issue at bar. *State v. Harris*, 620 S.W.2d 349, 352 (Mo. banc

1981). As the evidence was properly excluded on grounds apart from the statute, the trial court's ruling presents no question of whether the evidence was admissible under the statute.

Defendant's constitutional claims assume that the prosecutrix's testimony about the prior sexual act was held inadmissible under § 491.015.–1. We have already noted, however, that the testimony was inadmissible because it was facially irrelevant, which raises no constitutional issue concerning the statute. See: *State v. Harris*, 620 S.W.2d at 353 n. 3. Nor were the constitutional claims preserved for our review. Those claims first appear in this case in the defendant's brief filed with this court. We held in *State v. Helt*, 581 S.W.2d 604, 612 (Mo.App.1979):

> To raise and preserve a federal or state constitutional question for appellate review the question must (1) be raised at the first available opportunity, (2) the section or sections of the Constitution claimed to be violated must be specified, (3) the question must be kept alive at every stage of the proceeding, (4) the question must be presented in a motion for new trial and (5) it must be adequately covered in the briefs filed in the appellate tribunal. [authorities omitted]

The exclusion of testimony about the prior sexual act was not error.

Defendant also assigns error to the denial of his motion for judgment of acquittal at the close of all the evidence. He contends the evidence failed to prove that the prosecutrix and defendant were not married at the time of the sexual attack.

Non-marriage of the victim and the perpetrator is an essential element of both crimes of which defendant was convicted. While there was no direct evidence of non-marriage, that fact like any other can be proved by circumstantial evidence. See: *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979); *State v. Twyford*, 85 S.D. 522, 186 N.W.2d 545, 547 (1971). In testing the sufficiency of the state's circumstantial proof by a motion for judgment of acquittal, the state is entitled to the most favorable construction of all the evidence and all reasonable inferences which may be drawn therefrom. *State v. Letterman*, 603 S.W.2d 951, 952–53 (Mo.App.1980).

The prosecutrix was eighteen years old at the time of the attack, and was living at home in St. Louis County, Missouri, with her mother and younger brother and sister. She had lived in the same neighborhood virtually her entire life. Prior to the night she was attacked, she had seen the defendant only once, that being at the same nightspot in Illinois several months earlier, and had talked with him for about twenty minutes. She had not seen him before or since. Nor had the prosecutrix's cousin, a close friend, ever seen the defendant before the night of the attack. The prosecutrix was in the defendant's company that night because she had to comply with a curfew imposed by her mother, and defendant did not know where she lived. And the prosecutrix and defendant have different surnames.

There was sufficient evidence for the jury to reasonably find as a fact and beyond a reasonable doubt that the prosecutrix and defendant were not married. It was not error to overrule defendant's motion for judgment of acquittal.

Finally, defendant complains of the jury being given the redoubtable "hammer" instruction, MAI–CR 1.10.

The jury retired to deliberate at 3:00 p. m. on the last day of trial. They were brought to the courtroom shortly after 6:00 p. m. because of the hour and because they had sent the trial judge a note asking "[w]hat happens if a unanimous decision can be reached on one count, but a unanimous decision cannot be reached on the other two." The trial judge asked them on their return whether after further deliberation they could reach a verdict on the other two counts. (The record does not disclose which counts they were). The foreman replied it would be "very difficult." After stating he had intended to have them adjourn at that hour until morning if they had not arrived at a verdict and if it would accomplish anything, the trial judge again

asked the jury whether they felt they could reach a verdict on the counts not unanimously agreed on. The foreman answered that, in his opinion, they could not, and the others agreed. The trial judge then sent them back at 6:15 p. m. to "complete whatever verdict form you think is appropriate on any verdict you are able to unanimously agree upon at this time." Failing to complete any verdict form during the next twenty-five minutes, the jury was excused until morning the following day.

The jury resumed deliberations at 9:00 a. m. the next day, and at 9:50 a. m. were brought to the courtroom having sent the trial judge a note stating "[w]e have come to a unanimous decision on Count I. We do not feel we can come to a unanimous decision on Counts II and III." The trial judge asked for only the numerical split on the remaining two counts, and was told they were split eight to four on Count II and seven to five on Count III. The trial judge read and entered the verdict of guilty on Count I, and then gave the jury the "hammer" instruction, MAI–CR 1.10.

The jury resumed deliberation on Counts II and III at 10:12 a. m. At 11:00 a. m., they returned the verdicts of guilty on Count II and not guilty on Count III.

We held in *State v. Jones*, 545 S.W.2d 659, 666 (Mo.App.1977) that "[w]hen a jury is unable to arrive at a verdict, it is within the discretion of the trial judge whether [MAI–CR 1.10] should be given, and also as to when it should be given." The defendant contends the trial court abused its discretion, however, by giving the instruction (1) after it had received and announced the verdict on Count I, (2) after it was aware of the jury's division on the other counts, and (3) after the jury had announced three times they were unable to reach a unanimous verdict on Counts II and III.

 Giving the "hammer" instruction is an abuse of the trial court's discretion when it is demonstrably coercive. *State v. Hawkins*, 581 S.W.2d 102, 104 (Mo.App. 1979). Coercion is not necessarily implied by any of the circumstances defendant describes. *State v. Broadux*, 618 S.W.2d 649

(Mo. banc 1981) did not suggest error in the trial court's receiving guilty verdicts on two counts before giving the "hammer" instruction on the remaining count. *Id.* at 651. In connection with defendant's subpoint (2) above, we said in *State v. Sanders*, 552 S.W.2d 39, 40 (Mo.App.1977) that "[g]iven to deliberating jurors who have not indicated which party they favor, the ["hammer"] instruction is persuasive but not necessarily coercive." And see *State v. Broadux*, holding that coercion does not necessarily result when the instruction is given to deliberating jurors who *have* indicated which party they favor. Though no Missouri case on point with defendant's subpoint (3) has been cited, it is of no consequence. The pivotal issue is not whether one or more of the circumstances defendant describes may support an inference of coercion, but whether coercion in fact has been demonstrated. Here, it has not.

The judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.