# UNITED STATES

### v.

### Airman Dewayne E. WILHITE, FR 315–82–9368, United States Air Force.

### ACM S28045.

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1988.

Decided 21 June 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Carnal knowledge under Article 120, UCMJ, 10 U.S.C. § 920, requires, as an essential element, proof that the victim is not the accused's wife. MCM, Part IV, paragraph 45b(2)(b). In this case, the appellant argues that no direct evidence proves this necessary element regarding his conduct with NR, the prosecutrix; because of this shortfall, he argues that his conviction must be set aside. For its part, the Government characterizes the case as solid but for this "one little tidbit of obvious information." We affirm the appellant's conviction.

Despite pleas of not guilty, the appellant was convicted of carnal knowledge of two young women, CJ and NR. Neither the appellant nor NR (both of whom testified on the merits) addressed whether NR was married to the appellant.

The appellant draws heavily upon *United States v. Williams*, 40 C.M.R. 521, 523–524 (A.B.R.1969), a case involving rape. There, it was held that the non-marital status of the parties was an essential element which must be proved; failure to do that was reversible error.

For its part, the Government reminds us that lack of direct evidence does not mandate dismissal of the Article 120 specification: The missing element can be proven by circumstantial evidence as well. *United States v. Carver*, 12 M.J. 581 (A.F. C.M.R.1981), *pet. denied*, 15 M.J. 397 (1983).

Aside from *Williams* and *Carver*, we have found no other military cases directly on point. When we turn to civilian jurisdictions for guidance, we cannot warrant that the precedents are directly applicable. Some of the cases center on whether an indictment or information is adequate to state a cause of action or provide sufficient notice to a defendant. Others discuss what the State must prove in its case-in-chief or who carries the burden of persuasion. Still others appear to approach the problem as the military does, reasoning that various matters are "elements" which must be proved. For a survey of various statutes, see Torcia, *Wharton's Criminal Law*, Sec. 293 (1980). Thus, State cases are like the trick mirrors in a circus funhouse, in that they may not present an accurate picture of what we need to see. To make the problem even more complex, the civilian defendant—unlike our practice—generally has the duty of going forward if he has a legitimate defense on the grounds of marriage. *See* 65 Am.Jur.2d Rape Sec. 50 (1972).

We believe the correct analysis of the matter to be this: *Non-marriage of the prosecutrix and accused is an essential ingredient of proof; nevertheless, when the prosecution fails to prove the element directly, it may still be possible to find the required proof in facts and circumstances brought forth at trial. See State v. Twyford*, 85 S.D. 522, 186 N.W.2d 545 (1971) and *People v. Walden*, 21 Ill.2d 164, 171 N.E.2d 650, 652 (1961).

Turning to the facts of the case before us, we find the proof of non-marriage sufficient. Various state courts have similarly found proof sufficient to satisfy their standards on parallel facts. In the first place, NR lived with her parents. *See Commonwealth v. Schilling*, 288 Pa.Super. 359, 431 A.2d 1088, 1092 (1981). Second, the parties had different last names. *See People v. Harrell*, 252 Cal.App.2d 735, 60 Cal.Rptr. 864 (2d Dist.1967). Third, the prosecutrix was called "Miss" at trial. *See People v. McClain*, 60 Ill.App.3d 320, 17 Ill.Dec. 628, 376 N.E.2d 774 (1978). Fourth, she was only 14 at the time of the alleged incidents and had a parental curfew; thus, she appeared to be unemancipated. *See generally State v. Wells*, 429 So.2d 502, 506 (La.App.1983) and *State v. Thurber*, 625 S.W.2d 931, 933 (Mo.App. 1981). In sum, we conclude that the circumstantial evidence is sufficient to uphold this conviction under Article 120, just as it was in the *Carver* case, which involved another Article 120 offense, rape. *See also United States v. Davis*, 26 M.J. 445, 448–449 (C.M.A.1988) (cross-dresser; no direct proof of activities prejudicial to good order and discipline); *United States v. Collymore*, 11 U.S.C.M.A. 666, 29 C.M.R. 482 (1960) (sufficient proof that accused was impersonating an officer); *United States v. Geisler*, 37 C.M.R. 530 (A.B.R.1966) (proof that items were "military property" properly gained from the surrounding circumstances). For an exhaustive study of earlier civilian cases which buttress our conclusion, see *State v. Johnson*, 58 N.D. 832, 227 N.W. 560 (1929).

We concede that the matter is not without difficulty. For a recent acquittal of a civilian defendant under an Idaho rule of practice which appears similar to that of the military, see *State v. Huggins*, 103 Idaho 422, 648 P.2d 1135, 1137–38 (1982).

This appeal was generated because a crucial matter of proof was omitted at trial. We remind the Government that "the place to win an appeal, as well as a verdict, is in the trial court." *See* Jackson, *The Advocate: Guardian of Our Traditional Liberties*, 36 A.B.A. Journal 607 (1950).

The findings of guilty and the sentence are correct in fact and law and, upon review of the entire record, are

AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS, concur.