429 So.2d 502 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
David WELLS, Defendant-Appellant.
No. CR 82-446.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Rehearing Denied April 27, 1983.
*503 John Contois, Marksville, Michael J. Johnson, Cottonport, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
Defendant, David Wells, was indicted on one count of forcible rape (La.R.S. 14:42.1), *504 and following a jury trial, he was convicted of that charge by a 10 to 2 jury vote. Subsequent to a pre-sentence investigation, the trial court sentenced the defendant to the minimum statutory penalty of two years at hard labor. This appeal was taken wherein two assignments of error have been perfectedviz, the trial judge erred in allowing the State on the day of trial to amend its answer to the motion for a bill of particulars, and the jury erred in finding the defendant guilty of forcible rape based on the law and evidence.

FACTS
On the evening of December 19, 1981, the female victim and the defendant were present, but not in each other's company, at a lounge in Mansura, Louisiana. During the early morning hours of December 20th, the victim and two other persons (one male and one female) left that lounge with the defendant who agreed to drive them to their homes in Cottonport, Louisiana. Testimony adduced at trial established that the victim and the other female passenger sat in the back seat of the defendant's car during the trip, while the defendant and the other male passenger sat in the front seat. The two riders not involved in the crime were taken to their homes first, but instead of then returning the victim to her residence, the defendant drove her to a secluded area where at approximately 3 A.M. he forcibly raped her. The victim was the sole witness to the rape and her testimony was not contradicted at trial.
Following the attack, the victim escaped from the car and fled down the road a short distance to a friend's house where her torn clothes and hysterical nature were observed and attested to at trial. A shoe abandoned during her hasty flight was subsequently recovered by officers investigating at the site to which they had been directed by the rape victim. The witness who attended the victim shortly after her ordeal testified without objection that the victim identified defendant as her attacker. After having bathed and changed her clothing, at 8:30 a.m. on the morning of the rape, December 20th, the victim reported the incident to local authorities. The defendant was arrested shortly after noon on that day, and at 2:30 p.m. the victim was examined by Dr. L.J. Mayeux who testified as to his observations of several abrasions and bruises, as well as bite marks on the victim's breast and in her genital area.
A grand jury indictment dated January 20, 1982, charged defendant with the commission of forcible rape "... on or about the 19th day December A.D., (sic) 1981...." At the preliminary hearing held on April 1, 1982, the State moved without objection to amend the date on the formal indictment such that the 19th would be replaced by the 20ththe actual date of the rape. Testimony introduced at the preliminary hearing also established that the offense occurred during the early morning hours of December 20, 1981. Counsel for the defendant was present at that hearing and cross-examined several of the state's witnesses. However, in the State's answer to the defendant's motion for a bill of particulars filed on April 22nd, it was again stated that the offense "occurred on the 19th day of December at approximately 3 A.M.". On the day set for trial, May 10, 1982, the State formally moved to again amend the date to the 20th on both the indictment and on the bill of particulars (this was the first time that the incorrect date on the bill of particulars had been addressed). The trial judge permitted the amendments and denied defendant's motion for continuance of the trial date, finding that no prejudice was suffered by defendant.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that he was "greatly prejudiced" by the amendment to the bill of particulars on the day of trial which changed the date of the charged offense from December 19, 1981, to December 20, 1981. Counsel argues that his defense was based on the time lapse between the time the State originally contended the rape was committed and the actual time that the crime was reported to officials, and that the *505 amendment altered a "mainstay" of the arguments available to the defense. Defendant further asserts that the "prejudicial effect to the defendant comes in the fact that a motion for a bill of particulars is a discovery devise (sic) which enables a defendant to prepare his defense for trial" and that the amendment to that instrument destroys the effectiveness of the discovery device when allowed at such a late date, thereby depriving the defendant of due process of law and of the effectiveness of counsel.
Contrary to defense counsel's belief, the bill of particulars is not a discovery device but is used to more fully inform the defendant of the nature and scope of the charge against him so that he will be able to properly defend himself and avoid any possibility of ever being charged again with the same criminal conduct. State v. Marcal, 388 So.2d 656 (La.1980); State v. Rogers, 375 So.2d 1304 (La.1979). Therefore, we cannot say that the district judge's allowance of an amendment to the bill of particulars on the day of the trial deprived defendant of due process of law and effectiveness of counsel.
If a variance exists between the allegations of an indictment or a bill of particulars and the evidence offered in support of the charged offense, the trial court may order an amendment of those instruments. La.C.Cr.P. Article 488. If, however, the defendant is prejudiced by such an amendment the lower court is required to grant a continuance for a reasonable time. La.C.Cr.P. Article 489. The continuance provided by Article 489 of the Code of Criminal Procedure allows the defendant who has been surprised or prejudiced by late amendments to prepare a proper defense in light of those changes. In the instant case, the amendment did not vary the offense charged, nor did it destroy an alibi prepared by defendant. The date change merely reaffirmed that which had been established at the preliminary hearing viz, there was no significant lapse of time between the occurrence of the offense and its reporting to the proper officials.
Defendant contends that the "mainstay" of his defense was the lapse of 29½ hours (3 A.M. December 19 to 8:30 A.M. December 20) between the time that the crime was committed and the time that it was allegedly reported which he intended to use to attack the credibility of the victim. In fact, only 5½ hours transpired between the offense and the time of its reporting. No showing has been made as to how his defense would have been altered to meet the corrected date had a continuance been granted. Most significant to the claim of prejudice and surprise is the fact that Mr. John R. Contois, co-counsel for defendant, was present at both the preliminary hearing and at trial. The preliminary hearing held on April 1, 1982, more than one month prior to trial, established by the State's amendment to the indictment and by testimony that the offense occurred during the early morning hours of December 20, 1981. Mr. Contois' presence at the hearing effectively destroys any notion of surprise. No showing of prejudice has been made and for the foregoing reasons this assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant raises the general issue of insufficiency of evidence. In support of this position, the defendant sets forth two arguments. First, he claims that the jury concluded that the defendant was guilty even though the testimony of the complaining witness was contradicted by that of another of the State's witnesses. Secondly, he avers that the jury found the defendant guilty of forcible rape even though the State failed to prove that the victim and the defendant were not married.
We are unable to agree with the first argument put forth by the defendant. Apparently, there was some contradictory testimony as to whether or not a shoe found near the scene of the crime was the one the victim was wearing on the night of the incident. There was also some small conflict over whether or not the victim travelled *506 to the lounge with her boyfriend on that night. However, we attach no particular significance to either of these contradictions in light of the other strong testimony presented by the State.
The second argument put forth by the defendant addresses the State's alleged failure to prove an essential element of the crime of rapethat the victim and the defendant were not married. The definition of forcible rape found in La.R.S. 14:42.1 states:
"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."
However, before this Article can be considered, there must first be a "rape", the requirements of which are set forth in La. R.S. 14:41:
"Rape is the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent.
Emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
For the purposes of this Chapter, a person shall not be considered to be a spouse if a judgment of separation from bed and board has been rendered."
The uncontradicted testimony of the victim clearly established that all of the elements of forcible rape were present, with the exception of testimony specifically stating that the defendant and the victim were not married. The State simply failed to directly ask the victim whether or not she was married to the defendant at the time of the incident.
The defendant suggests that the failure of the prosecution to directly ask the victim this one particular question is completely dispositive of the issue. We disagree. The existence or non-existence of a marital relationship between the defendant and the victim must be based on all the facts presented, rather than on the lack of a single question. We have carefully examined the record before us, and conclude that the State has proven beyond a reasonable doubt that the defendant and the victim were not married at the time the rape occurred. Our careful overview of the record convinces us that there is no semblance nor scintilla of evidence to even suggest that the victim and the defendant were married. On the other hand the transcript clearly indicates that the defendant and the victim were not dating, that they had different last names, that the victim had a boyfriend other than the defendant, that the victim was living with her boyfriend's parents, and that she had borne a child, the father being a man other than the defendant. We feel that when viewed in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the victim and the defendant were not married. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

DECREE
For the above reasons, the conviction of David Wells of the crime of forcible rape is affirmed.
AFFIRMED.