KNOLL, Judge.
On January 29, 1985, the victim was asleep when an assailant broke into her house, woke her up, and after overcoming her resistance, raped her. Approximately two weeks after the incident, the victim identified her assailant as defendant, Carl M. Tezano, in a photographic lineup.
Defendant was charged by indictment with aggravated rape, a violation of LSA-R.S. 14:42. He was found guilty by a jury, and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. On appeal defendant contends that the trial court erred: 1) in its refusal to impose sanctions as a result of the State failing to comply with the discovery order; 2) in denying his motion to suppress the photographic identification of defendant; and 3) in denying his motion to prevent the introduction of evidence inconsistent with the State’s response to the bill of particulars. The final assignment is a pro se assignment of error contending ineffective assistance of counsel. We affirm.
ASSIGNMENT OF ERROR ONE
Defendant claims the trial court erred in refusing to impose sanctions on the State for failing to comply with discovery orders of the court.
Article 729.5 of the Louisiana Code of Criminal Procedure authorizes a trial judge to impose sanctions that he deems appropriate on a party that fails to comply with discovery. Among the allowed sanctions are granting a continuance, ordering a mistrial, and excluding the evidence from trial. The imposition of these sanctions is within the discretion of the trial judge. State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1356 (La.1984); State v. Knighton, 436 So.2d 1141 (La.1983). The State’s failure to comply with discovery does not automatically require reversal; rather the appellate court must examine the circumstances of the case to determine whether defendant was prejudiced and if the trial court abused its discretion. Id.
In the present case, defense counsel filed several pre-trial motions and discovery motions. A hearing was held on December 5,1985, on defendant’s motion to compel discovery of certain rape reports and scientific analyses. At that hearing defense counsel and the assistant district attorney agreed to work out the details of that discovery between themselves. The State also agreed to answer certain ques *533 tions in a bill of particulars which it had previously refused to answer. The crime lab reports were delivered to defendant on May 2, 1986, approximately two weeks before trial was scheduled to start. Although the district attorney had the evidence for several months, he did not realize that it had not been turned over to defendant.
On May 6,1986, a hearing on a motion to impose sanctions was held. Defendant asked the trial court to exclude from evidence crime lab reports which the State had not timely turned over to defendant in its answers to discovery because he had not had time to conduct an independent analysis. The district attorney testified that the reports in question were received by his office in January of 1986, but were not forwarded to defendant until May 2, 1986, when he became aware that defense counsel did not have copies of the reports. The trial court found that although the district attorney had an obligation to provide these reports to defendant, he had not withheld them in bad faith. Rather than impose sanctions, the judge granted defendant a four month continuance.
The four month continuance was sufficient time for defendant to prepare his defense to the crime lab reports. The record does not support that the State’s delay in giving defendant the evidence in question caused him any prejudice. The trial court properly exercised its sound discretion in compensating defendant for the delay by granting defendant a four month continuance to prepare his defense. This assignment of error is without merit.
ASSIGNMENT OF ERROR TWO
This assignment was not briefed by defendant; therefore, it is abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR THREE
Defendant claims the trial court erred in denying his motion to prevent the introduction of evidence inconsistent with the State’s response to the bill of particulars. Defendant claims the district attorney provided an answer to the bill of particulars which was later contradicted at trial by the testimony of one of the State’s witnesses.
In the bill of particulars, defendant asked what time the victim notified the police. The answer given by the State was “January 29, 1985 at 7:20 a.m.”
At trial defense counsel objected to the testimony of one of the investigating officers who said he arrived at the scene of the crime at approximately 2:10 a.m. on January 29, 1985. Defense counsel pointed out that in the answers to the bill of particulars, the State said that the victim notified the Opelousas Police Department at approximately 7:20 a.m. that day. However, we note the answers to the bill of particulars informed defendant that the offense occurred at approximately 2:10 a.m. and the State’s supplemental answer shows that the victim was transported to the hospital by the police at 3:05 a.m.
A bill of particulars is not a discovery device but is used to more fully inform the defendant of the nature and scope of the charge against him. State v. Wells, 429 So.2d 502 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 1136 (La.1983). The defendant must show that he was surprised or prejudiced by the variance. LSA-C.Cr.P. Art. 489; State v. Wells, supra.
In the present case, defendant fails to demonstrate how he was surprised or prejudiced by the variance in time. The State answered that the time the offense occurred was approximately 2:10 a.m. and inadvertently responded that the crime was reported to the Opelousas police at 7:20 a.m. The record shows that the victim called the police and was taken to the hospital by the police immediately after the rape occurred. Since the State correctly informed defendant of the correct approximate time of the offense and that the police took her to the hospital, we fail to see how defendant was either surprised or prejudiced. Moreover, the purpose of a bill of particulars is to more fully inform the defendant of the nature and scope of the charge against him and is hot a discovery device. State v. Wells, supra. This assignment of error is without merit.
*534 ASSIGNMENT OF ERROR FOUR
In a pro se assignment of error, defendant claims that he was denied a fair trial because he had ineffective assistance of counsel.
The Sixth Amendment of the United States Constitution guarantees an accused the right to effective assistance of counsel. Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight, but counsel reasonably likely to render and actually rendering reasonably effective assistance. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). A defendant claiming ineffective assistance of counsel must show that counsel’s performance was deficient and that the deficiency prejudiced the defense. Celestine v. Blackburn, 750 F.2d 353 (5th Cir.1984).
Defense counsel represented defendant in other matters and was engaged to represent defendant on the present charge. In the case sub judice, defense counsel filed a battery of pre-trial motions. He was able to get complete discovery and continuances to allow him to study the evidence. He aggressively cross-examined the State’s witnesses. Defendant claims his counsel should have investigated more thoroughly but does not offer the names of any witnesses counsel should have contacted or any facts counsel failed to uncover.
After reviewing the record, it cannot be said that defendant’s counsel was in any way deficient so as to prejudice the defense. This assignment of error is without merit.
DECREE
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.